MERCEDES COLWIN
MCOLWIN@GRSM.COM

FRANCIS J. GIAMBALVO
FGIAMBALVO@GRSM.COM

JEFFREY CAMHI
JCAMHI@GRSM.COM



GORDON&REES
SCULLY MANSUKHANI

ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

December 3, 2018

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

  Re: *Jennifer S. Fischman v. Mitsubishi Chemical Holdings America, Inc., et al*
     Civil Action No. 1:18-cv-08188

Dear Judge Furman:

  This firm represents defendants Mitsubishi Chemical Holdings America, Inc. ("MCHA"), Nicolas Oliva, and Donna Costa, ("Defendants") in connection with the above-referenced matter. Pursuant to Sections 7(B) and (C) of Your Honor's Individual Rules of Practice, Defendants write to respectfully request that the Court (i) order Plaintiff's Complaint to be filed under seal or, alternatively, publish Plaintiff's Complaint in redacted form; and (ii) permit Defendants to file a redacted version of their Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint ("Memorandum of Law"), to be filed on or before December 3, 2018.

  Plaintiff's Complaint is replete with confidential information she learned during her employment as legal counsel with MCHA, including details of matters that are confidential and are subject to the attorney-client privilege. The disclosure of this information is intended to support otherwise conclusory allegations, while simultaneously revealing disparaging information, detrimental to Defendants' business reputation. For example, Plaintiff unnecessarily identifies an MCHA executive who was the subject of an internal, non-public employment behavior related allegation Plaintiff allegedly investigated while Assistant General Counsel of MCHA. *See* Complaint Paragraphs 65-68. Moreover, Complaint Paragraphs 89 and 90 contain thinly-veiled threats that Plaintiff intends to disclose additional confidential information in an obvious effort to extort settlement funds from the Defendants. Plaintiff's inclusion of such information constitutes a violation of the New York Rules of Professional Conduct.

1

Defendants recognize the importance of public access to judicial documents. Nonetheless, a party's interest in protecting confidential business information has previously been found to outweigh the presumption of public access. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). For example, courts have sealed portions of a court record that contained secret or confidential information bearing on events related to the then pending litigation. *Housler v. First Nat. Bank of East Islip*, 484 F. Supp. 1321 (E.D.N.Y. 1980). Courts have also ordered that portions of the record containing information that an attorney obtained as a result of her professional relationship with a former client be sealed. *Johnson v. MediSys Health Network, 2011 U.S. Dist. LEXIS 156828 at *93 (E.D.N.Y. June 1, 2011).*

Here, Plaintiff's unethical disclosure of Defendants' confidential information in her Complaint, which information was acquired through her professional relationships with former clients, will cause significant harm if it is permitted to remain public. The disclosure of such information violates the confidentiality of prior company proceedings and/or settlement agreements, exposes multiple individuals to unwarranted embarrassment and/or could have a significant negative impact on Defendants' business relations resulting in a competitive disadvantage to the Company. For example, if MCHA's clients believe MCHA employees can or will in fact disclose confidential information in lawsuits, it would be reasonable to presume that Mitsubishi group companies would use local outside counsel in lieu of MCHA for required legal services. This would not only reduce MCHA's business, but would also result in various Mitsubishi entities receiving inconsistent legal support. There is no greater business interest for a legal services provided to protect than its relationships with its clients. Moreover, allowing Plaintiff's allegations to remain publicly accessible would condone Plaintiff's breach of confidentiality and ethical violations and encourage additional disclosures, as she has threatened. As such, Defendants request that the Court order that Plaintiff's Complaint be filed under seal. Alternatively, Defendants request that the Court only publish a redacted version of Plaintiff's Complaint. A copy of the proposed redacted Complaint is attached as "Exhibit A."

Additionally, Defendants must necessarily reveal additional confidential information in the Memorandum of Law to adequately address that which was disclosed in Plaintiff's complaint. As such, Defendants request that the Court permit Defendants to file a redacted copy of the Memorandum of Law. A copy of the proposed redacted Memorandum of Law is attached as "Exhibit B." Pursuant to Your Honor's Rules, an unredacted version of the Memorandum of Law was emailed to chambers.

Defendants acknowledge that, because Plaintiff relies almost entirely on information that is confidential under NYRPC Rule 1.6, the requested redactions are extensive. Nonetheless, the proposed redactions are narrowly tailored in an effort to serve both the interests of the public in open proceedings and of Defendants in maintaining confidentiality. Defendants' requests also benefit Plaintiff, because if Defendants' Motion to Dismiss is denied, Defendants intend to file counterclaims against Plaintiff based upon her improper disclosure of confidential and privileged information.

Defendants appreciate the Court's consideration of this motion and respectfully request that it be granted.

Respectfully submitted,

GORDON, REES, SCULLY & MANSUKHANI, LLP

By: _____
Mercedes Colwin (MC-3682)
Francis J. Giambalvo (FG-2601)
Jeffrey Camhi (JC-8295)
*Attorneys for Defendants*
1 Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (212) 269-5500

cc. All Counsel of Record (via ECF)