UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JENNIFER S. FISCHMAN,

                            Plaintiff,

               - against -

MITSUBISHI CHEMICAL HOLDINGS, AMERICA,
INC., MITSUBISHI CHEMICAL CORPORATION;
MITSUBISHI CHEMICAL HOLDINGS
CORPORATION; NICHOLAS OLIVA; in his
individual and professional capacities; DONNA
COSTA, in her individual and professional capacities;
and JOHN DOES 1-10, in their individual and
professional capacities,

                            Defendants.
----------------------------------------------------------------X

Index No. 18-cv-08188 (JMF)

**ANSWER AND AFFIRMATIVE
DEFENSES**

Defendants, MITSUBISHI CHEMICAL HOLDINGS AMERICA, INC., ("MCHA"),

NICHOLAS OLIVA ("Oliva") and DONNA COSTA ("Costa") ("Answering Defendants") by and

through their attorneys, Gordon Rees Scully Mansukhani LLP, as and for its Answer to the

Complaint filed by Plaintiff Jennifer S. Fischman ("Plaintiff") respectfully alleges as follows:

Answering Defendants deny that they violated Title VII of the Civil Rights Act of 1964,

42 U.S.C. 2000e *et seq.* ("Title VII"), the New York City Human Rights Law, Chapter 1, Title 8,

§8-107(1)(a) of the Administrative Code of the City of New York ("NYCHRL"), 42 U.S.C. §

1985(2), the Equal Pay Act, 29 U.S.C. §§ 206(d) et seq. (the "EPA"); the New York State Equal

Pay Act, New York Labor Law § 194) ("NYEPA"), or any other laws or legal obligations to

Plaintiff, whether statutory or at common law, and further deny that Plaintiff is entitled to any of

the monetary or equitable relief, damages, interest, costs or attorneys' fees requested in this lawsuit

or any relief whatsoever.  To the extent not expressly admitted herein, all allegations set forth in

the Complaint are specifically denied.

## ANSWERING "INTRODUCTION"

1.      Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Complaint.

2.      Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "2" of the Complaint.

3.      Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "3" of the Complaint.

4.      Answering Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to set forth the nature of her claims and respectfully refer all matters of law to the Court.[1]

5.      Answering Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to set forth the nature of her claims and respectfully refer all matters of law to the Court.

## ANSWERING "JURISDICTION AND VENUE"

6.      Answering Defendants deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to set forth the basis of this Court's original jurisdiction and respectfully refer all matters of law to the Court.

7.      Answering Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to set forth the basis of this Court's supplemental jurisdiction and respectfully refer all matters of law to the Court.

---

[1] Plaintiff's claims for retaliation under New York Labor Law § 215 (Seventh Cause of Action), Intentional Infliction of Emotional Distress (Seventh [sic] Cause of Action), Negligent Destruction of Plaintiffs' Employment Opportunities (Eighth [sic] Cause of Action) were dismissed by the Court by way of a memorandum and opinion dated July 11, 2019. Plaintiff voluntarily dismissed her claim under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A (Third Cause of Action) pursuant to F.R.C.P. 41(a)(1)(A)(i), as so ordered by the Court on November 15, 2018.

8.      Answering Defendants deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purports to set forth the basis of this Court's venue and respectfully refer all matters of law to the Court.

## ANSWERING "ADMINISTRATIVE PROCEDURES"

9.      Answering Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued Plaintiff a Notice of Right to Sue. Defendants further admit that Plaintiff purports to state the basis for this Court's jurisdiction as set forth therein, and respectfully refer all matters of law to the Court.

## ANSWERING "PARTIES"

10.      Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff was hired on March 3, 2008 and her employment ended January 30, 2017.

11.      Answering Defendants deny the allegations set forth in paragraph "11" of the Complaint.

12.      Answering Defendants deny the allegations set forth in paragraph "12" of the Complaint, except admit that MCHA is a 100% owned subsidiary of MCHC.

13.      Answering Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14.      Answering Defendants deny the allegations set forth in paragraph "14" of the Complaint, except admit that Costa was, at all times relevant, the General Counsel or President of MCHA and is a resident of Kings County, New York.

15.     Answering Defendants admit the allegations set forth in paragraph "15" of the Complaint.

16.     Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "16" of the Complaint.

## ANSWERING "NON-PARTIES"

17.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

## ANSWERING "FACTUAL BACKGROUND"

21.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff was, at all relevant times, a female attorney.

22.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff was hired in 2008.

24.     Answering Defendants deny the allegations set forth in paragraph "24" of the Complaint.

## ANSWERING "Organization of Mitsubishi and its Legal Department"

25.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Answering Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27.     Answering Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28.     Answering Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29.     Answering Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30.     Answering Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31.     Answering Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32.     Answering Defendants deny the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Answering Defendants deny the truth of the allegations set forth in paragraph "23" of the Complaint

**ANSWERING "Ms. Fischman's Performance as Corporate Counsel, Assistant General Counsel, Acting General Counsel and Chief Compliance Officer"**

34.     Answering Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35.     Answering Defendants deny the allegations set forth in paragraph "35" of the Complaint and further aver that the performance reviews referred to in paragraph "35" speak for themselves.

36.     Answering Defendants deny the allegations set forth in paragraph "36" of the Complaint and further aver that the full 2009 performance review referred to in paragraph "36" speaks for itself.

37.     Answering Defendants deny the allegations set forth in paragraph "37" of the Complaint and further aver that the full 2010 performance review referred to in paragraph "37" speaks for itself.

38.     Answering Defendants deny the allegations set forth in paragraph "38" of the Complaint and further aver that the full 2011 performance review referred to in paragraph "38" speaks for itself.

39.     Answering Defendants deny the allegations set forth in paragraph "39" of the Complaint and further aver that the full 2012 performance review referred to in paragraph "39" speaks for itself.

40.     Answering Defendants deny the allegations set forth in paragraph "40" of the Complaint.

41.     Answering Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42.     Answering Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43.     Answering Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44.     Answering Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45.     Answering Defendants deny the allegations set forth in paragraph "45" of the Complaint and further aver that the full 2013 performance review referred to in paragraph "45" speaks for itself.

46.     Answering Defendants deny the allegations set forth in paragraph "46" of the Complaint and further aver that the full 2014 performance review referred to in paragraph "46" speaks for itself.

47.     Answering Defendants deny the allegations set forth in paragraph "47" of the Complaint.

48.     Answering Defendants deny the allegations set forth in paragraph "48" of the Complaint and further aver that the full 2015 performance review referred to in paragraph "48" speaks for itself.

### ANSWERING "The Company's Failure to Promote Ms. Fischman"

49.     Answering Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50.     Answering Defendants deny the allegations set forth in paragraph "50" of the Complaint, except admit that the decision to promote Plaintiff to Acting General Counsel was made by Costa.

51.     Answering Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52.     Answering Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53.     Answering Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54.     Answering Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55.     Answering Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56.     Answering Defendants deny the allegations set forth in paragraph "56" of the Complaint.

57.     Answering Defendants deny the allegations set forth in paragraph "57" of the Complaint.

58.     Answering Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59.     Answering Defendants deny the allegations set forth in paragraph "59" of the Complaint.

## ANSWERING "The Company's Disparate Treatment of Ms. Fischman"

60.     Answering Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61.     Answering Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62.     Answering Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63.     Answering Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64.     Answering Defendants deny the allegations set forth in paragraph "64" of the Complaint.

## **ANSWERING "Ms. Fischman's Participation in Protected Activity"**

65.     Answering Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66.     Answering Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67.     Answering Defendants deny the allegations set forth in paragraph "67" of the Complaint.

68.     Answering Defendants deny the allegations set forth in paragraph "68" of the Complaint.

69.     Answering Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70.     Answering Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71.     Answering Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72.     Answering Defendants deny the allegations set forth in paragraph "72" of the Complaint, except admit that Plaintiff, as Assistant General Counsel, reported to Oliva, as General Counsel and Chief Compliance Officer.

73.     Answering Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74.     Answering Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75.     Answering Defendants deny the allegations set forth in paragraph "75" of the Complaint.

76.     Answering Defendants deny the allegations set forth in paragraph "76" of the Complaint.

77.     Answering Defendants deny the allegations set forth in paragraph "75" of the Complaint.

## ANSWERING "Wrongful Termination"

78.     Answering Defendants deny the allegations set forth in paragraph "78" of the Complaint.

79.     Answering Defendants deny the allegations set forth in paragraph "79" of the Complaint.

80.     Answering Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81.     Answering Defendants deny the allegations set forth in paragraph "81" of the Complaint.

82.     Answering Defendants deny the allegations set forth in paragraph "82" of the Complaint.

83.     Answering Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84.     Answering Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85.     Answering Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86.     Answering Defendants deny the allegations set forth in paragraph "86" of the Complaint and further aver that the exhibit referred to in paragraph "86" speaks for itself.

87.     Answering Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88.     Answering Defendants deny the allegations set forth in paragraph "88" of the Complaint.

89.     Answering Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90.     Answering Defendants deny the allegations set forth in paragraph "90" of the Complaint

## ANSWERING "FIRST CAUSE OF ACTION (DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e TO 2000e-17"

91.     In response to paragraph "91" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "90" as if fully set forth herein.

92.     Answering Defendants deny the allegations set forth in paragraph "92" of the Complaint, and respectfully refer all matters of law to the Court.

93.    Answering Defendants deny the allegations set forth in paragraph "93" of the Complaint, and respectfully refer all matters of law to the Court.

94.    Answering Defendants deny the allegations set forth in paragraph "94" of the Complaint, and respectfully refer all matters of law to the Court.

95.    Answering Defendants deny the allegations set forth in paragraph "95" of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "SECOND CAUSE OF ACTION (RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF 42 U.S.C. § 2000e-3(a))"

96.    In response to paragraph "96" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "95" as if fully set forth herein.

97.    Answering Defendants deny the allegations set forth in paragraph "97" of the Complaint, and respectfully refer all matters of law to the Court.

98.    Answering Defendants deny the allegations set forth in paragraph "98" of the Complaint, and respectfully refer all matters of law to the Court.

99.    Answering Defendants deny the allegations set forth in paragraph "99" of the Complaint, and respectfully refer all matters of law to the Court.

100.    Answering Defendants deny the allegations set forth in paragraph "100" of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "THIRD CAUSE OF ACTION (Retaliation and Wrongful Termination in Violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A")

101.    In response to paragraph "101" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "100" as if fully set forth herein.

102.    Plaintiff voluntarily dismissed the third cause of action in the Complaint with prejudice and therefore no response to the allegation in paragraph "102" of the Complaint is required.

103. Plaintiff voluntarily dismissed the third cause of action in the Complaint with prejudice and therefore no response to the allegation in paragraph "103" of the Complaint is required.

104. Plaintiff voluntarily dismissed the third cause of action in the Complaint and therefore no response to the allegation in paragraph "104" of the Complaint is required.

## ANSWERING "FOURTH CAUSE OF ACTION ("Equal Pay Act Violation, in Violation of 29 U.S.C. §§ 206(d), *et seq.*")

105. In response to paragraph "105" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "104" as if fully set forth herein.

106. Answering Defendants deny the allegations set forth in paragraph "106" of the Complaint, and respectfully refer all matters of law to the Court.

107. Answering Defendants deny the allegations set forth in paragraph "107" of the Complaint, and respectfully refer all matters of law to the Court.

108. Answering Defendants deny the allegations set forth in paragraph "108" of the Complaint, and respectfully refer all matters of law to the Court.

109. Answering Defendants deny the allegations set forth in paragraph "109" of the Complaint, and respectfully refer all matters of law to the Court.

110. Answering Defendants deny the allegations set forth in paragraph "110" of the Complaint, and respectfully refer all matters of law to the Court.

111. Answering Defendants deny the allegations set forth in paragraph "111" of the Complaint, and respectfully refer all matters of law to the Court.

112. Answering Defendants deny the allegations set forth in paragraph "112" of the Complaint, and respectfully refer all matters of law to the Court.

113.    Answering Defendants deny the allegations set forth in paragraph "113" of the Complaint, and respectfully refer all matters of law to the Court.

114.    Answering Defendants deny the allegations set forth in paragraph "114" of the Complaint, and respectfully refer all matters of law to the Court.

115.    Answering Defendants deny the allegations set forth in paragraph "115" of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "FIFTH CAUSE OF ACTION (Discrimination in Violation of the New York State Human Rights Law, N.Y. Exec. Law. §§ 290 to 297"

116.    In response to paragraph "116" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "115" as if fully set forth herein.

117.    Answering Defendants deny the allegations set forth in paragraph "117" of the Complaint, and respectfully refer all matters of law to the Court.

118.    Answering Defendants deny the allegations set forth in paragraph "118" of the Complaint, and respectfully refer all matters of law to the Court.

119.    Answering Defendants deny the allegations set forth in paragraph "119" of the Complaint, and respectfully refer all matters of law to the Court.

120.    Answering Defendants deny the allegations set forth in paragraph "120" of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "SIXTH CAUSE OF ACTION (Discrimination in Violation of the New York City Human Rights Law, N.Y. City Admin. Code §§  8-101 to 131)"

121.    In response to paragraph "121" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "120" as if fully set forth herein.

122.    Answering Defendants deny the allegations set forth in paragraph "122" of the Complaint, and respectfully refer all matters of law to the Court.

123.     Answering Defendants deny the allegations set forth in paragraph "123" of the Complaint, and respectfully refer all matters of law to the Court.

124.     Answering Defendants deny the allegations set forth in paragraph "124" of the Complaint, and respectfully refer all matters of law to the Court.

125.     Answering Defendants deny the allegations set forth in paragraph "125" of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "SEVENTH CAUSE OF ACTION (Pay Discrimination- New York State Equal Pay Act, New York Labor Law § 194")

126.     In response to paragraph "126" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "125" as if fully set forth herein.

127.     Answering Defendants deny the allegations set forth in paragraph "127" of the Complaint, and respectfully refer all matters of law to the Court.

128.     Answering Defendants deny the allegations set forth in paragraph "128" of the Complaint, and respectfully refer all matters of law to the Court.

129.     Answering Defendants deny the allegations set forth in paragraph "129" of the Complaint, and respectfully refer all matters of law to the Court.

130.     Answering Defendants deny the allegations set forth in paragraph "130" of the Complaint, and respectfully refer all matters of law to the Court.

131.     Answering Defendants deny the allegations set forth in paragraph "131" of the Complaint, and respectfully refer all matters of law to the Court.

132.     Answering Defendants deny the allegations set forth in paragraph "132" of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "SEVENTH [sic] CAUSE OF ACTION (Retaliation – New York Labor Law § 215")

133. In response to paragraph "133" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "132" as if fully set forth herein.

134. The Court dismissed the cause of action for retaliation under the New York Labor Law § 215, the seventh [sic] cause of action in the Complaint, and therefore no response to the allegation in paragraph "134" of the Complaint is required.

135. The Court dismissed the cause of action for retaliation under the New York Labor Law § 215, the seventh [sic] cause of action in the Complaint, and therefore no response to the allegation in paragraph "135" of the Complaint is required.

136. The Court dismissed the cause of action for retaliation under the New York Labor Law § 215, the seventh [sic] cause of action in the Complaint, and therefore no response to the allegation in paragraph "136" of the Complaint is required.

## ANSWERING "SEVENTH [sic] CAUSE OF ACTION ("Intentional Infliction of Emotional Distress")

137. In response to paragraph "137" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "136" as if fully set forth herein.

138. The Court dismissed the cause of action for intentional infliction of emotional distress, the seventh [sic] cause of action in the Complaint, and therefore no response to the allegation in paragraph "138" of the Complaint is required.

139. The Court dismissed the cause of action for intentional infliction of emotional distress, the seventh [sic] cause of action in the Complaint, and therefore no response to the allegation in paragraph "139" of the Complaint is required.

140.     The Court dismissed the cause of action for intentional infliction of emotional distress, the seventh [sic] cause of action in the Complaint, and therefore no response to the allegation in paragraph "139" of the Complaint is required.

## ANSWERING "EIGHTH CAUSE OF ACTION ("Negligent Destruction of Plaintiffs' [sic] Employment Opportunities")

141.     In response to paragraph "141" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "140" as if fully set forth herein.

142.     The Court dismissed the cause of action for negligent destruction of plaintiffs' [sic] employment opportunities, the eighth cause of action in the Complaint, and therefore no response to the allegation in paragraph "142" of the Complaint is required.

143.     The Court dismissed the cause of action for negligent destruction of plaintiffs' [sic] employment opportunities, the eighth cause of action in the Complaint, and therefore no response to the allegation in paragraph "143" of the Complaint is required.

144.     The Court dismissed the cause of action for negligent destruction of plaintiffs' [sic] employment opportunities, the eighth cause of action in the Complaint, and therefore no response to the allegation in paragraph "144" of the Complaint is required.

145.     The Court dismissed the cause of action for negligent destruction of plaintiffs' [sic] employment opportunities, the eighth cause of action in the Complaint, and therefore no response to the allegation in paragraph "145" of the Complaint is required.

## ANSWERING "NINTH CAUSE OF ACTION (Aiding and Abetting Discrimination and Retaliation- NYSHRL)")

146.     In response to paragraph "146" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "145" as if fully set forth herein.

147.     Answering Defendants deny the allegations set forth in paragraph "147" of the Complaint, and respectfully refer all matters of law to the Court.

148.     Answering Defendants deny the allegations set forth in paragraph "148" of the Complaint, and respectfully refer all matters of law to the Court.

149.     Answering Defendants deny the allegations set forth in paragraph "149" of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "TENTH CAUSE OF ACTION (Aiding and Abetting Discrimination and Retaliation- NYCHRL")

150.     In response to paragraph "150" of the Complaint, Answering Defendants repeat and reaffirm each and every response made in paragraphs "1" through "149" as if fully set forth herein.

151.     Answering Defendants deny the allegations set forth in paragraph "151" of the Complaint, and respectfully refer all matters of law to the Court.

152.     Answering Defendants deny the allegations set forth in paragraph "152" of the Complaint, and respectfully refer all matters of law to the Court.

153.     Answering Defendants deny the allegations set forth in paragraph "153" of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "PRAYER FOR RELIEF"

154.     The paragraphs immediately following paragraph "153" of the Complaint state requests for relief to which no responsive pleading is required.  To the extent a responsive pleading is required, Answering Defendants deny Plaintiff is entitled to any relief whatsoever.

### DEFENSES

### AS AND FOR A FIRST DEFENSE

155.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

156.     Even if Plaintiff is entitled to recover damages, which Answering Defendants expressly deny, Plaintiff is barred or limited from recovering damages to the extent she failed to comply with her legal duty to mitigate those damages.

## AS AND FOR A THIRD DEFENSE

157.     At all times relevant to the acts alleged in the Complaint, Answering Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice, willfulness, or intent to violate Plaintiff's rights and/or retaliate against Plaintiff.

## AS AND FOR A FOURTH DEFENSE

158.     Answering Defendants have not violated any rights, privileges or immunities of Plaintiff under any federal, state or local laws.

## AS AND FOR A FIFTH DEFENSE

159.     Any and all actions taken by Answering Defendants with respect to Plaintiff were based on legitimate, good faith, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A SIXTH DEFENSE

160.     Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purposes of harassing Answering Defendants.

## AS AND FOR A SEVENTH DEFENSE

161.     Some or all of Plaintiff's injuries are or may be due, in whole or in part, to the actions of third parties over whom Answering Defendants had no control and/or whose actions cannot be imputed to Answering Defendants as a matter of law.

## AS AND FOR AN EIGHTH DEFENSE

162.   Plaintiff's Complaint fails to state a cause of action upon which punitive or exemplary damages may be awarded.

## AS AND FOR A NINTH DEFENSE

163.   Some or all of Plaintiff's injuries are due, in whole or in part, to her own actions.

## AS AND FOR A TENTH DEFENSE

164.   Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set offs, under applicable laws.

## AS AND FOR A ELEVENTH DEFENSE

165.   With respect to Plaintiff's equal pay act claims under state and federal law, to the extent there is a difference in pay between Plaintiff and Oliva, it is the result of factors other than sex.

## AS AND FOR A TWELFTH DEFENSE

166.   Plaintiff's claims are or may be barred by the doctrine of unclean hands.

## AS AND FOR A THIRTEENTH DEFENSE

167.   Plaintiff has failed to comply with all conditions precedent and statutory prerequisites for bringing some or all of the claims asserted in the Complaint, including failing to exhaust her administrative remedies pursuant to Title VII.

## AS AND FOR A FOURTEENTH DEFENSE

168.   The conduct complained of by Plaintiff consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences

## AS AND FOR A FIFTEENTH DEFENSE

169.    Even if Plaintiff is entitled to recover damages, which Answering Defendants expressly deny, Plaintiff may be barred or limited from recovering damages based on the doctrine of after-acquired evidence.

## AS AND FOR A SIXTEENTH DEFENSE

170.    Some or all of the actions forming the basis of Plaintiff's alleged claims were committed by individuals outside the scope of their employment and cannot be imputed to Answering Defendants as a matter of law.

## AS AND FOR A SEVENTEENTH DEFENSE

171.    Some or all of Plaintiff's claims are barred by virtue of the equitable defenses of the doctrines of laches, waiver, estoppel and/or judicial estoppel.

## AS AND FOR A EIGHTEENTH DEFENSE

172.    Neither Oliva nor Costa may be held liable as aiders or abettors of discrimination or retaliation, nor may they be held liable in their individual capacities with regard to any of Plaintiff's claims.

## AS AND FOR A NINETEENTH DEFENSE

173.    Answering Defendants reserve the right to assert additional defenses at any time as they may become known, and to amend their Answer accordingly.

**WHEREFORE**, Answering Defendants demand judgment dismissing Plaintiff's Complaint with prejudice, together with the costs and disbursement of this action and all other and further relief this Court deems just and proper.

Dated: New York, New York
October 22, 2019

Respectfully submitted,

GORDON REES SCULLY MANSULHANI LLP

By: ___/s/ Francis J. Giambalvo___
Mercedes Colwin
Francis J. Giambalvo
One Battery Park Plaza, 28th Floor
New York, NY 100004
*Attorneys for Answering Defendants,*
*Mitsubishi Chemical Holdings America,*
*Inc., Donna Costa, Nicholas J. Oliva*