UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------
X
JENNIFER S. FISCHMAN,	Index No. 18-cv-08188 (JMF)

                       Plaintiff,

                                                            **STIPULATED AGREEMENT**
- against -                                         **AND PROTECTIVE ORDER**

MITSUBISHI CHEMICAL HOLDINGS
AMERICA, INC.; MITSUBISHI CHEMICAL
CORPORATION; MITSUBISHI CHEMICAL
HOLDINGS CORPORATION; NICHOLAS
OLIVA, in his individual and professional capacities;
DONNA COSTA, in her individual and professional
capacities; and JOHN DOES 1-10, in their individual
and professional capacities,

                       Defendants.
---------------------------------------------------------------------
X

      The parties, JENNIFER S. FISCHMAN ("Plaintiff"), on the one hand, MITSUBISHI CHEMICAL HOLDINGS AMERICA, INC.; MITSUBISHI CHEMICAL CORPORATION; MITSUBISHI CHEMICAL HOLDINGS CORPORATION; NICHOLAS OLIVA and DONNA COSTA (collectively, "Defendants") on the other hand, each a "Party" and together the "Parties," by and through their attorneys of record, desire to obtain and exchange documents, materials, and information that contain confidential, private, or proprietary business, personal, or commercial information, and therefore agree as follows:

      1.    This Stipulation shall apply to all documents and materials, including any copies thereof, that the Parties may designate in good faith as being "Confidential" or "Confidential – Attorney's Eyes Only" and which contain information that is appropriate for such designations in this action (hereinafter "Confidential Materials").

      2.    As used herein:

      (a)    "Producing Party" shall mean the Parties and any non-parties producing, or requested to produce, Confidential Materials;

      (b)    "Receiving Party" shall mean the Parties and/or any non-party receiving or requesting Confidential Materials

3. The Parties may designate in good faith any documents, portions of deposition transcripts, interrogatory answers and any other discovery or other materials as "Confidential" on the basis that they disclose or contain any information or materials relating to attorney-client communications, attorney work product, internal investigations, self-critical analysis documents, documents concerning confidential and/or proprietary processes/policies/procedures, confidential employee, business or financial information, customer information or non-public information of a sensitive, personal or private nature, including records of medical and/or psychological treatment and/or financial data of any Party produced in this action or obtained pursuant to authorizations by a Party in this action and/or any information contained or reflected in such records. To the extent either Party believes that it has a good faith basis to designate other documents that do not fall into these enumerated categories as "Confidential," such party shall first attempt to meet and confer with the other Party in order to agree upon an appropriate designation, and if no agreement is reached, shall move the Court for an Order permitting such designation.

4. The Parties may designate in good faith any documents, portions of deposition transcripts, interrogatory answers and any other discovery or other materials as "Confidential-Attorney's Eyes Only" on the basis that they disclose or contain any information or materials so competitively sensitive or private that disclosure of such information: (a) would harm the personal, commercial, financial, strategic, or business interests of such Producing Party if disclosed to the other parties in this litigation; or (b) is substantially likely to cause injury to the Producing Party if disclosed other than as permitted pursuant to this Stipulation.

5. The term "Confidential Materials" applies not only to the materials originally produced by the parties in this case but any derivative of such materials, including but not limited to copies, notes, summaries, or any other materials containing information located in Confidential Materials. The Receiving Party is required to maintain Confidential Materials at all times in a secure manner.

6. All Confidential Materials produced and used during the course of this proceeding, including the hearing or trial thereof, and all information contained in those documents or materials, will be used by the Receiving Party for purposes of the above-referenced case only.

7.  Except with the prior written consent of the Producing Party, a Receiving Party shall not furnish, show, or disclose materials marked "Confidential" to any person or entity except:

    a.  Attorneys of record for any Party to this action, including partners and associates in any law firm, partnership, or corporation appearing of record in this case, and any other attorney participating in the prosecution or defense of the action;

    b.  Regular employees of any law firm appearing of record in this case, or otherwise participating in the prosecution or defense of the action, including paralegals, law clerks, legal assistants, secretaries, and other clerical personnel;

    c.  Any Party, including any officer or employee of any Party, including in-house counsel;

    d.  Testifying and non-testifying experts retained by any Party for purposes of advising and assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this case;

    e.  Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals retained to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and employees whose duties and responsibilities require access to such materials;

    f.  Persons who authored, prepared or assisted in the preparation of the document or material;

    g.  Persons to whom the document or material, or copies thereof, was delivered or received prior to execution of this Agreement;

    h.  Any deponent or witness, or potential deponent or witness, in the course of, or in preparation for, a deposition or testimony at the hearing or trial of this case;

    i.  Jurors, judges, and court reporters or stenographers during the course of proceedings in this case; and

    j.  As required by law or court order or in response to a request for information from any government, regulatory, or self-regulatory entity having jurisdiction over the matters giving rise to the claim.

8. Except with the prior written consent of the Producing Party, a Receiving Party shall not furnish, show, or disclose materials designated "Confidential – Attorney's Eyes Only" to any person or entity except:

    a. Attorneys of record for any Party to this action, including partners and associates in any law firm, partnership, or corporation appearing of record in this case, and any other attorney participating in the prosecution or defense of the action;

    b. Regular employees of any law firm appearing of record in this case, or otherwise participating in the prosecution or defense of the action, including paralegals, law clerks, legal assistants, secretaries, and other clerical personnel;

    c. Testifying and non-testifying experts retained by any Party for purposes of advising and assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this case;

    d. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and employees whose duties and responsibilities require access to such materials;

    e. Persons who authored, prepared or assisted in the preparation of the document or material;

    f. Persons to whom the document or material, or copies thereof, was delivered or received prior to execution of this Agreement;

    g. Jurors, judges, and court reporters or stenographers during the course of proceedings in this case, subject to the procedure set forth in Paragraph 9, below; and

    h. As required by law or court order or in response to a request for information from any government, regulatory, or self-regulatory entity having jurisdiction over the matters giving rise to the claim.

9. Should any Receiving Party intend to use any documents or materials at trial that have been designated "Confidential-Attorney's Eyes Only," the Receiving Party shall notify the Producing Party of such intent at the earliest possible opportunity prior to the deadline for submission of the Parties' Joint Pre-Trial Order. The Parties shall then meet and confer regarding whether the materials can be presented in a redacted or otherwise modified

form so that the "Confidential-Attorney's Eyes Only" designation can be removed. Should the Parties fail to reach an agreement, the issue will be presented to the Court for resolution.

10. Any documents or materials designated "Confidential" or "Confidential-Attorney's Eyes Only" shall be stamped as such, but the inadvertent failure to so stamp/designate such documents or materials shall not defeat a claim that a particular item is confidential. Initially producing a document or materials without a confidentiality designation shall not operate as a waiver of the right to assert such protection and any document or material may later be so designated as "Confidential" or "Confidential-Attorney's Eyes Only."

11. Each Party agrees to disclose to the other the issuance of any third-party subpoenas served during the course of this litigation, in accordance with Rule 45 of the Federal Rules of Civil Procedure. Each Party further agrees to provide all other Parties a reasonable period of time to move to quash the subject subpoena.

12. In the event any Confidential Materials are filed with the Court, the Parties, to the extent there is no agreement between the Parties that said Confidential Materials may be filed publicly and/or in some redacted form, shall comply with any procedures required by the Court or the Clerk of the Court regarding the public filing of Confidential Materials, to the extent such procedures exist.

13. Counsel for the Party claiming confidentiality may designate portions of any deposition in this action as "Confidential" or "Confidential – Attorney's Eyes Only" within fifteen (15) business days after receipt of the deposition transcript by notifying opposing counsel in writing. A request made on the record, during a deposition, shall be deemed to constitute adequate notice. All transcripts of depositions shall be treated as "Confidential" until fifteen (15) business days after receipt thereof by counsel for the Party or third-party witness. The reporter for any deposition will mark pages that contain testimony designated as "Confidential."

14. (a) A Party or, as appropriate, non-party who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents that have previously been designated as "Confidential" or "Confidential – Attorney's Eyes Only" and/or (ii) any pleading, brief or memorandum that reproduces, paraphrases, or discloses Confidential Materials shall file the document, pleading, brief, or memorandum on the ECF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within 14 days of the Redacted Filing, the Party or,

as appropriate, non-party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(b) If the Producing Party makes a timely motion to seal (within 14 days of notice from the filing Party), and the motion is granted, the filing Party or, as appropriate, non-party shall ensure that all documents (or, if directed by the Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system. If the Producing Party's timely motion to seal is denied, then the Party or, as appropriate, non-party making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(c) Any Party filing a Redacted Filing in accordance with the procedure set forth in this ¶13 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(d) All pleadings, briefs, or memoranda that reproduce, paraphrase, or disclose any Confidential Materials shall identify the source of any such Confidential Materials, such as the production number given to them at the time of production.

15. Any document or information that may contain Confidential Materials that has been inadvertently produced without identification as to its "confidential" nature, as provided in ¶¶3 and/or 4 of this Stipulation, may be so designated by the Party requesting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

16. In connection with their review of electronically stored information and hard copy documents for production, the Parties agree to adhere to the following procedures with respect to documents covered by attorney-client privilege, the work product doctrine, or other such protections (the "Protected Information"):

(a) if Protected Information is inadvertently produced, upon discovery of the inadvertent production, the Producing Party shall promptly take reasonable steps to correct the error, including by making a request to the Receiving Party for return of the Protected Information;

(b) upon request by the Producing Party for the return of inadvertently produced Protected Information, the Receiving Party shall promptly return the Protected

Information and destroy all copies thereof. Furthermore, absent good cause shown, the Receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error, and the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice;

(c) the Receiving Party may not use the inadvertently produced Protected Information for any purpose, except that the Receiving Party may move the Court for an order compelling production of the material, but that motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production;

(d) any protected or confidential discovery material submitted to the Court in connection with a challenge to the Producing Party's claim of privilege shall not be filed in the public record, but, instead, shall be submitted for *in camera* review as directed by the Court, if permitted by law; and

(e) nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or protection claimed by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or protection claimed on the grounds that the privilege or protection was waived by the inadvertent production of the materials or information.

17. This Stipulation shall survive the termination of this litigation. Within thirty (30) days following completion of this case, all Confidential Materials, including copies that have been provided to any other persons, shall be returned to the attorney for the party who produced the documents or material without the retention of any copies, replications, or reproductions thereof. Alternatively, unless a written request is made by the Party producing the Confidential Materials otherwise, the Confidential Materials and copies may be destroyed. This provision shall not prevent attorneys of record for the parties from maintaining their files as required by law.

18. Prior to any disclosure of Confidential Materials to persons specified in subsections 7(d), (e) and (h) and 8(c) and (d) of this Stipulation, the disclosing party shall

provide a copy of this Confidentiality Agreement to such person who shall read it and agree in writing to be bound by its terms.

19. If any counsel or party proposes to disclose any Confidential Materials, or the information contained therein, to any person not included in the above-listed categories of authorized persons, prior notice shall be given to other counsel and the Parties shall meet and confer. If counsel objects to the disclosure of documents, material or information, the document, material or information shall not be disclosed without an order by the appropriate court.

20. Nothing in this Stipulation shall preclude or limit any party from making any use of or disclosing its own Confidential Materials.

21. Nothing in this Stipulation shall preclude any party from applying to a court of applicable jurisdiction for additional or different protective provisions, including removing the designation of a document as a Confidential Material, with respect to specific documents if the need should arise during this case. Before making any such application, the party's counsel shall consult in good faith with the other counsel in an effort to resolve the matter on an informal basis. If no agreement is reached, an application may be made to the Court by the party seeking to remove the "Confidential" or "Confidential-Attorney's Eyes Only" designation on no less than fifteen (15) days' written notice to the other party, unless otherwise agreed to by the parties. All such applications and the materials that are the subject thereof shall continue to be treated as "Confidential" or "Confidential Attorney's Eyes Only" until the Court rules or the application is otherwise resolved.

22. Nothing herein shall prevent a party from withholding production of a document that it believes to be protected by the attorney-client privilege, the work product doctrine, or other such protections. If a document is withheld on the basis of privilege, the party withholding the document shall provide a privilege log, unless otherwise agreed to by the parties.

23. Nothing in this Stipulation shall prejudice the rights of the parties to object to \ any question, discovery request or production of particular Confidential Materials during discovery or at trial.

**SO STIPULATED AND AGREED.**

VALLI KANE & VAGNINI, LLP

By: /s/ _____
Robert J. Valli, Jr.
Sara Kane
Matthew Berman
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: 516-203-7180
Fax: 516-706-0248

*Attorneys for Plaintiff Jennifer S. Fischman*

Dated:    New York, New York
          January ___, 2020

GORDON REES SCULLY
MANSUKHANI, LLP

By: _____
Mercedes Colwin
Christopher A. Seacord
Brittany L. Primavera
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (212) 269-5500
Fax: (212) 269-5505

*Attorneys for Defendants MCHA, Costa and Oliva*

Dated:    New York, New York
          January ___, 2020

By: _____
Jerome S. Fortinsky
Samuel J. Jolly
599 Lexington Avenue
New York, NY 10022-6069
Telephone: +1.212.848.4000
Facsimile: +1.212.848.7179
jfortinsky@shearman.com
sam.jolly@shearman.com

George Anhang
401 9th Street, N.W.
Suite 800
Washington, DC 20004
Telephone: +1.202.508.8000
Facsimile: +1.202.508.8100
george.anhang@shearman.com

*Attorneys for Defendants Mitsubishi Chemical Corporation and Mitsubishi Chemical Holdings Corporation*

Dated:    New York, New York
          January ___, 2020

SO ORDERED

Dated: New York, New York
       February 6, 2020

_____
JESSE M. FURMAN
United States District Judge

Any redacted or sealed filings shall be made pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170, at *2 (S.D.N.Y. July 19, 2019).