# EXHIBIT A

| EEOC FORM 131 (11/09) | **U.S. Equal Employment Opportunity Commission** |
|---|---|

| | PERSON FILING CHARGE |
|---|---|
| Director<br>Human Resources<br>MITSUBISHI CHEMICAL HOLDINGS AMERICA, INC.<br>655 Third Ave, 15th Floor<br>New York, NY 10017 | **Jennifer Fischman**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**520-2017-02231** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by  a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **11-AUG-17** to   ADR, Unit, at (212) 336-3646
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Christopher Kwok,
ADR Coordinator
*EEOC Representative*

Telephone (212) 336-3647

**New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**
**Fax: (212) 336-3625**

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] Race  [ ] Color  [X] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [ ] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.** This charge is currently assigned to the EEOC's ADR Unit. No position statement is required at this time. Please complete the attached Invitation to Mediate and submit it to us by the date indicated above. If this charge does not mediate, you will then be given a deadline to provide a position statement and will be expected to provide that position statement by the deadline given.

Also Enclosed: Information on Charges of Discrimination; Document Retention Notice & Invitation to Mediate.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| July 25, 2017 | **Kevin J. Berry,**<br>**District Director** | *[signed] Kevin J. Berry* |

*Enclosure with EEOC*
*Form 131 (11/09)*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (11/09)

|  | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2017-02231 |
| | | and EEOC |

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Jennifer Fischman | (310) – 387 – 7533 | 11/7/1967 |

| Street Address | City, State and ZIP Code |
|---|---|
| 40 Wildwood Road | Scarsdale, NY 10583 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Mitsubishi Chemical Holdings America, Inc. | More than 15 | (212) – 672 – 9402 |

| Street Address | City, State and ZIP Code |
|---|---|
| 655 Third Ave., 15th Floor | New York, NY 10017 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12/01/14    Latest: 1/30/17
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a female attorney and I have been working in the legal profession for over twenty years, both as a law firm associate and as in-house counsel. I also worked as a federal law clerk to a United States District Court Judge in the Central District of California prior to becoming a litigation associate at a national law firm.

I was hired by Mitsubishi Chemical Holdings America, Inc. ("Mitsubishi" or the "Company") in March 2008. I was discriminated against, passed up for a promotion that I was highly qualified for, and was ultimately terminated in January 2017 from my employment with Mitsubishi for the discriminatory reasons set forth below.

I began working at Mitsubishi in the role of Corporate Counsel from March 2008 until February 2013, when I was promoted to Assistant General Counsel based on my "demonstrated commitment," "strong work ethic," "assumption of greater responsibilities," and the "level of trust" that I gained from the Company, according to my 2012 performance evaluation. As Assistant General Counsel, I continued to perform my professional duties efficiently and successfully, handling many complex matters at once. As a result of my exemplary performance, in April 2015, I was promoted to Acting General Counsel & Chief Compliance Officer. My promotion was due to

1

my ability to "demonstrate[] excellent judgment in providing advice," according to my 2014 performance review. When I received my promotion, my supervisor at the time, Donna Costa, was promoted to President of Mitsubishi. It soon become clear to me that I was only "acting" as General Counsel until the Company could hire a suitable male replacement, despite my experience and qualifications, because the Company values male leadership and could not tolerate the notion of having more than one woman (Ms. Costa and myself) in executive positions. Indeed, other than one other woman who is an outside member of the board of directors in Japan, Ms. Costa remains the only woman in executive leadership worldwide – in a company of nearly 70,000 employees. In November 2015, despite my continued excellent performance expressed in my review for the 2015 professional year, stating that my "continued success and ability to meet client demands is a testament to [my] skill, intelligence, capability and integrity," I was demoted to my former position as Assistant General Counsel as a result of Mitsubishi's gender discrimination. The Company hired a male attorney, Nicholas Oliva, as General Counsel & Chief Compliance Officer to replace me in my role as "Acting" General Counsel & Chief Compliance Officer. I have knowledge that the Company has a history of discrimination on the basis of sex and that these discriminatory principles and policies were the basis for my only being "Acting General Counsel" and for my subsequent demotion. For example, when I was handling a complaint from an insubordinate employee in September 2015, the head of the legal department sent me a condescending email, stating that he hoped "[us] girls can work it out." On another occasion, I was prevented from participating in a judicial settlement conference on a case I was lead counsel for the last several years because the Company preferred a man to attend the conference with the judge. At the time, Mr. Oliva agreed that the Company's actions and preference were misogynistic.

Furthermore, I was retaliated against for my involvement in managing two separate investigations regarding complaints of sexual harassment as part of my professional responsibilities at Mitsubishi. One such complaint involved the Japanese president of the Company, who was accused of sexual harassment. At the time this case was assigned to me by Ms. Costa, she knew that it could result in the discovery of embarrassing material related to the president and she wanted to avoid being responsible for disciplining a very senior Japanese executive. Instead, I was retaliated against for having to delicately explain, among other things, that in American business, it is not appropriate to discuss sexual matters with other employees. The Japanese president resented me for having to discuss such "personal" matters with him and as a result he did not support the promotion of me. In another case, I was tasked to investigate a harassment claim from a female colleague in the legal department. At the time of the assignment, I recommended using outside counsel for an objective investigation, but was told at the time that I should investigate it and speak to the female witnesses and that outside counsel was not necessary for "her allegations." While I was assigned to interview the female complainants (presumably because I was a female), I was not given an opportunity to interview the male alleged perpetrator, instead I was told by Mr. Oliva that he "would handle it and [he] would talk to him." I believe I was terminated in part for my role in this investigation and for my objection to the handling and resolution of the matter on behalf of this female colleague, who subsequently left the Company.

I was ultimately terminated on January 30, 2017 allegedly due to "unethical and unprofessional

EEOC Form 5 (11/09)

conduct" according to my termination notice. This is pretext and not true. Remarkably, the termination was the day Mr. Oliva and I returned to the office from a 5 day trip where I successfully delivered ethics trainings to the senior executive teams of four separate affiliate companies in California. Prior to leaving, I was told by Mr. Oliva that he wanted to talk to me about "Genomatica, but not until we return" (the Genomatica case was allegedly the basis for my termination). Mr. Oliva introduced me to the senior leadership of each of these affiliate companies as an expert in business ethics, tasked me to deliver ethical conduct training, all the while knowing that he was about to terminate me for "unethical behavior." The reasons given for my termination are patently false and pretextual. As Assistant General Counsel and the primary attorney assigned to manage and advise on employment law matters for the Company, I gained an intimate understanding of what constitutes grounds for dismissal within the Mitsubishi organization and also grounds for charges of discrimination and retaliation. This is why I know, as a matter of fact and law, the Company fabricated the grounds for my dismissal and why I know I was discriminated against, passed up for promotion and ultimately terminated based on my gender.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| May 1, 2017 *[signature]* <br> Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) <br> 05-01-2017 |

GUS J BLUMBERG
Notary Public - State of New York
NO. 01BL6242798
Qualified in Westchester County
My Commission Expires Jun 13, 2019

3

## Document Retention Notice Pursuant to Charge Of Discrimination

YOU ARE HEREBY GIVEN NOTICE NOT TO DESTROY, CONCEAL OR ALTER ANY PAPER DOCUMENTS OR ELECTRONIC DATA INCLUDING DATA GENERATED BY OR STORED ON ANY COMPUTER OR COMPUTER STORAGE MEDIA (E.G., HARD DISKS, FLOPPY DISKS, BACKUP TAPES), THAT RELATE TO THE CLAIMS AND DEFENSES IN THE ACCOMPANYING CHARGE OF DISCRIMINATION. FAILURE TO COMPLY WITH THIS NOTICE, EITHER THROUGH INTENTIONAL ACTS OR NEGLIGENCE, CAN RESULT IN SANCTIONS FOR SPOLIATION OF EVIDENCE. SANCTIONS COULD INCLUDE MONETARY PENALTIES AND OTHER COURT-IMPOSED ACTION.

A. **Paper Documents to be Preserved**: Hard-copy information which should be preserved includes, but is not limited to:

   1. Personnel files;
   2. Employee data;
   3. Payroll information;
   4. Personnel policies, procedures, and regulations;
   5. Letters, memoranda and notes;
   6. All complaints of discrimination or unfair treatment;
   7. All documents related to internal investigations; and
   8. All other documents containing information relevant to the subject matter of the charge of discrimination.

Note that even where hard-copy documents exist, the Commission may still seek the same information in an electronic format simultaneously.

B. **Electronic Data to be Preserved:** Electronic information which should be preserved includes but is not limited to:

   1. Electronic mail (e-mail) and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received which is relevant to the subject matter of the charge of discrimination;
   2. Databases (including all records and fields and structural information in such databases), containing any reference to or information about the human resources or personnel information of your employees;
   3. Word processing files, including prior drafts, "deleted" files and file fragments, containing information about or relevant to the subject matter of the charge of discrimination;
   4. Electronic data files and file fragments created or used by electronic spreadsheet programs, where such data files contain information relevant to the subject matter of the charge of discrimination; and
   5. All other electronic data containing information relevant to the subject matter of the charge of discrimination.

C.   **Additional Procedures:** The following procedures should be observed or undertaken to further maintain potentially relevant electronic data:

1. **Online Data Storage on Mainframes and Minicomputers:** With regard to online storage or direct access storage devices attached to your mainframe computers or minicomputers: you should not modify or delete any electronic data files, "deleted" files, or file fragments existing at the time of the filing of this charge, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible.

2. **Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:** With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of the filing of the charge, contained any electronic data meeting the criteria listed in paragraph 1 above. You should stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup or archive data sets and other electronic data, for all of your computer systems.

3. **Retention of Data Storage Devices:** You should not to dispose of any electronic data storage devices or media that may contain electronic data meeting the criteria listed in paragraph 1 above.

4. **Fixed Drives on Stand-Alone Personal Computers and Network Workstations:** With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers or network workstations at the time of the filing of the charge. You should not alter or erase such electronic data, and should not perform other procedures (such as data compression and disk defragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies.

5. **Programs and Utilities:** You should preserve copies of all application programs and utilities, which may be used to process electronic data described herein.

6. **Evidence Created Subsequent to This Notice:** With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not be destroyed and you should take whatever steps are appropriate to avoid destruction of evidence.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112

## MEDIATION INVITATION RESPONSE FORM

### Complete and fax/mail this form on or before the mediation response date noted on the enclosed Notice of Charge of Discrimination.

Your charge has been selected for EEOC's Mediation Program. The Commission is making available this effective, neutral and confidential process to Charging Parties and Respondents as an efficient alternative to investigation and possible litigation of employment disputes. If either side prefers investigation to mediation, please let us know immediately, so that we may return your charge back to investigation.

If both parties agree to mediation, we will attempt to schedule an agreeable date. Please be advised that this process takes approximately 3-4 weeks. Once Respondent agrees to participate in mediation, the due date for the Position Statement is suspended. If Respondent chooses not to take advantage of the mediation process, then a Position Statement is due.

**Please return this form to:**
*ADR Unit - Mediation*
*New York District Office*
*Equal Employment Opportunity Commission*
*33 Whitehall Street, 5th Floor*
*New York, NY 10004-2112*

**Or fax your invitation to:**
*Fax: (212) 336-3625*

( )  **I/ We agree to mediation:**

   Provide 3 proposed dates (within 21 calendar days): _____

( )  **I/ We decline to participate in the mediation program:**

   If you decline to participate in the mediation program, please state the reason for declining.
   This information will be used for evaluative purposes only.

Comments: _____

Indicate:  [ ] Charging Party / Representative    [ ] Respondent / Representative  \    (Please print clearly)

Charge Number/ Party Names: _____

Name _____ Title: _____

Street Address: _____

City, State & Zip: _____

Telephone: _____ Fax: _____

E-mail: _____