UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
JENNIFER FISCHMAN,  :  18-cv-08188
:
                        Plaintiff,  :
:
      v.  :  **DEFENDANTS' RESPONSES AND**
:  **OBJECTIONS TO PLAINTIFF'S**
MITSUBISHI CHEMICAL HOLDINGS  :  **FIRST SET OF INTERROGATORIES**
AMERICA, INC.; MITSUBISHI CHEMICAL  :
CORPORATION; MITSUBISHI CHEMICAL  :
HOLDINGS CORPORATION; NICHOLAS  :
OLIVA, in his individual and professional  :
capacities; DONNA COSTA, in her individual and  :
professional capacities; and JOHN DOES 1-10, in  :
their individual and professional capacities,  :
:
                        Defendants.  :
:
------------------------------------------------------------ X

Pursuant to Rules 26(b) and 33 of the Federal Rules of Civil Procedure ("FRCP"), and Rules 26.2 and 26.3 of the Local Civil Rules for the Southern District of New York ("Local Civil Rules"), defendants MITSUBISHI CHEMICAL HOLDINGS AMERICA, INC ("MCHA"); NICHOLAS OLIVA ("Oliva") and DONNA COSTA ("Costa") (collectively, "Defendants"), by and through their attorneys, Gordon Rees Scully Mansukhani, LLP, hereby submit the following responses and objections to the interrogatories propounded by plaintiff, Jennifer Fischman ("Plaintiff"), as follows:

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1.    Defendants object to Plaintiff's Interrogatories to the extent that they seek to alter, expand or otherwise modify the obligations, requirements and definitions imposed by the FRCP and/or Local Civil Rules.

1

2. Defendants object to Plaintiff's Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the Health Insurance Portability and Accountability Act (HIPAA), or any other applicable privileges.

3. Defendants object to Plaintiff's Interrogatories to the extent that they seek the identification and production of information and documentation not in the possession, custody, or control of the Defendant and are therefore beyond the scope of discovery allowed under applicable rules.

4. Defendants object to Plaintiff's Interrogatories to the extent that they seek discovery of information in documents already within the possession and control of Plaintiff.

5. Defendants object to Plaintiff's Interrogatories to the extent they are cumulative and duplicative of other requests contained therein.

6. Defendants object to Plaintiff's Interrogatories to the extent they are vague, ambiguous, overly broad, unlimited in time, irrelevant, unduly prejudicial, speculative, conclusory, unduly burdensome, oppressive, argumentative and/or not reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object to Plaintiff's Interrogatories to the extent that they seek confidential personal, commercial, business, financial, proprietary or competitively sensitive information.

8. Defendants object to Plaintiff's Interrogatories to the extent that they seek the disclosure of private and confidential information relating to third parties not subject to this suit or make inquiries about matters the disclosure of which is prohibited by statute, regulation or other applicable law.

9. Defendants object to Plaintiff's Interrogatories to the extent they are propounded

for an improper purpose.

10. By responding to Plaintiff's Interrogatories, Defendants do not concede that any of the information requested is relevant to the subject matter of this action, is calculated to lead to the discovery of admissible evidence, or evidence that may be properly considered for any motion or at trial. Defendants expressly reserve the right to object to further discovery into the subject matter of the Interrogatories and the right to object to the introduction into evidence of any information provided in response to the Interrogatories, whether in motion practice or at trial.

11. Any reference to a document contained in the responses shall not be deemed to be an admission that any particular copy of the document is authentic or genuine, nor shall it be deemed an admission of the relevance or admissibility of the document. Defendants reserve their right to object to the authenticity, relevance and admissibility of all such documents referred to in the responses to the Interrogatories.

13. Any response made by Defendants is for the purpose of the pending action only and is not for any other purpose, nor may it be used against Defendants in any other proceeding.

14. The inadvertent production of any privileged document shall not be deemed a waiver of any applicable privilege with respect to that document or any other document or information.

15. Defendants reserve the right to supplement this response and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

The foregoing general objections are incorporated by reference into the following specific objections and responses, and an objection or response by Defendants to any interrogatory below is made without waiver of, and subject to, these general objections.

## INTERROGATORIES

1. Identify any Persons answering these Interrogatories.

**Response:** Defendants object to this interrogatory on the grounds that it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object on the grounds that this interrogatory seeks information that implicates the attorney-client privilege, the attorney work product doctrine, and/or constitutes material prepared in anticipation of litigation.

Subject to and without waiving any objections, Defendants identify Costa and Oliva with the assistance of counsel.

2. Identify all Persons who may have knowledge of facts concerning the allegations in the Complaint or Answer and state your understanding of their knowledge.

**Response:** Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad as to scope and time, unduly burdensome, and/or seeks information that may be protected under the attorney-client privilege and/or the attorney work-product doctrine.

Subject to and without waiving any objections, Defendants identify:

- **Nicholas Oliva**, Chief Legal Officer – Americas & Europe and General Counsel and Chief Compliance Officer – Americas of MCHA and individual defendant, c/o defense counsel

  Mr. Oliva may have information relating to Plaintiff's employment with and termination from MCHA and her handling of legal matters for MCHA Legal Department clients.

- **Donna Costa**, former President of MCHA (2015-2018) and General Counsel and Chief Compliance Officer of MCHA (1996-2015) and individual defendant, c/o defense counsel

  Ms. Costa may have information relating to Plaintiff's employment with and termination from MCHA and her handling of legal matters for MCHA Legal Department clients.

- **Patricia Saunders**, former Director of Human Resources of MCHA

  Ms. Saunders may have information relating to Plaintiff's employment with and termination from MCHA.

- **Kathryn Roche**, Assistant General Counsel for Intellectual Property of MCHA, c/o defense counsel

  Ms. Roche may have information relating to Plaintiff's employment with MCHA.

- **Kelli Troccoli,** Legal Affairs and Compliance Coordinator of MCHA c/o defense counsel

  Ms. Troccoli may have information relating to Plaintiff's employment with MCHA.

- **Joseph Sherinsky**, Senior Counsel- Litigation and IP of MCHA, c/o defense counsel

  Mr. Sherinsky may have information relating to Plaintiff's employment with MCHA.

- **Stephen Rose**, Senior Counsel - Transactions, c/o defense counsel

  Mr. Rose may have information relating to Plaintiff's employment with MCHA.

- **Yuka Matsugu**, Office Manager of MCHA, c/o defense counsel

  Ms. Matsugu may have information relating to Plaintiff's employment with MCHA.

- **Katherine Todarello**, Senior Auditor of MCHA, c/o defense counsel

  Ms. Todarello may have information relating to Plaintiff's employment with MCHA.

- **Ken Fujiwara**, Executive Officer of Mitsubishi Chemical Holdings Corporation ("MCHC") and a member of the MCHC Board of Directors at 1-1 Marunouchi 1-chome, Chiyoda-ku, Tokyo Japan 100-8251, TEL: +81-(0)3-6748-7200, c/o counsel for MCHC

  Mr. Fujiwara may have information relating to Plaintiff's employment with and termination from MCHA and her handling of legal matters for certain MCHA Legal Department clients. Additionally, Mr. Fujiwara may have information relating to the hiring and promotion of Ms. Costa.

- **Shoji Yoshisato**, former President of MCHA (2012-2015) and former Executive Officer of MCHC.

- **Mr. Yoshisato** may have information relating to Plaintiff's employment with MCHA and her handling of legal matters for certain MCHA Legal Department clients. Additionally, Mr. Yoshisato may have information relating to the promotion of Ms. Costa.

- **Masanori Sakaguchi**, Executive Officer, M&A Office, Corporate Strategy Division of MCHC, c/o counsel for MCHC

  Mr. Sakaguchi may have information relating to Plaintiff's employment with and her handling of legal matters for certain MCHA Legal Department clients.

- **Johei Takimoto**, Director of the Board, Managing Executive Officer, Chief Operating Officer, Information, Electronics & Display Business Domain of Mitsubishi Chemical Corporation ("MCC"), 1-1, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8251 Japan, Telephone Number [+81]3-6748-7300

  Mr. Takimoto may have information relating to Plaintiff's handling of legal matters for MCC and its affiliates.

- **Dennis Trice**, former President of Mitsubishi Chemical America, Inc. ("MCA"), regional headquarters of MCC and current consultant to MCA.

  Mr. Trice may have information relating to Plaintiff's employment with MCHA and her handling of legal matters for certain MCHA Legal Department clients.

- **Tomoji Minami**, Legal Coordinator of MCC, 1-1, Marunouchi 1-chome, Chiyoda-ku, Tokyo 100-8251 Japan, Telephone Number 81-3-6748-7262

  Mr. Minami may have information relating to Plaintiff's handling of legal matters for MCC and other MCHA Legal Department clients.

- **Ciro Ahumada**, former CEO of Qualicaps

  Mr. Ahumada may have information relating to Plaintiff's handling of legal matters for Qualicaps and its affiliates.

- **Maiko Usami**, former Legal Affairs of MCHA.

  Ms. Usami may have information relating to Plaintiff's employment with MCHA.

- **Andrew Csaszar,** former Assistant General Counsel of MCHA, P.O. Box 1126, Huntingdon Valley, Pennsylvania 19006

  Mr. Csaszar may have information relating to Plaintiff's employment with MCHA.

- **Jordon Elbaum**, former Counsel of MCHA

6

       Mr. Elbaum may have information relating to Plaintiff's employment with MCHA.

- **Joshua A. Berman**, Partner, White & Case, LLP, 1221 Avenue of the Americas, New York, NY 10020

    Mr. Berman may have information relating to Plaintiff's handling of legal matters for MCC for whom Mr. Berman serves as outside legal counsel.

- **Lisa Cabel,** Partner, Norton Rose Fulbright Canada LLP, 222 Bay Street, Suite 3000, Toronto, P.O. Box 53, Ontario M5K 1E7 Canada

    Ms. Cabel may have information relating to Plaintiff's handling of legal matters for Qualicaps for whom Ms. Cabel served as outside legal counsel.

3.      Identify all Persons with whom Defendants have communicated (exclusive of counsel in this Action) Concerning the allegations in the Complaint or responses contained in the Answer.

**Response:** Defendants object to this interrogatory on the grounds that it is overbroad as to scope and time, unduly burdensome, and/or seeks information that may be protected under the attorney-client privilege and/or the attorney work-product doctrine. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

4.      Identify all Persons who may be witnesses to the allegations contained in the Complaint (or responses and affirmative defenses thereto contained in the Answer).

**Response:** Defendant objects to this interrogatory on the grounds that it is overbroad as to scope and time, unduly burdensome, assumes facts not admitted or otherwise established, and is incapable of reasonable response. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

      Subject to and without waiving any objections, Defendants refer Plaintiff to their response

to Interrogatory No. 1.

5. Identify all Persons who, during the past five (5) years, have made complaints or allegations of employment discrimination, harassment, legal and/or regulatory violations, or retaliation against Defendants and set forth the allegations of the complaint(s) in detail; describe in detail any action taken by Defendants in response to any such complaints. For the purpose of this Interrogatory, "complaints" shall be interpreted to include verbal complaints, written complaints, lawsuits, agency filings, and any other means by which employees may have complained about employment discrimination, harassment, legal and/or regulatory violations or retaliation.

**Response:** Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants also object to this interrogatory on the grounds that is seeks confidential and private information related to third parties not subject to this lawsuit, and because it seeks information beyond the scope permissible under Local Civil Rule 33.3.

6. Identify all Documents and Communications concerning the allegations in the Complaint or the Answer.

**Response:** Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overbroad as to scope and time, unduly burdensome, and/or seeks information that may be protected under the attorney-client privilege and/or the attorney work-product doctrine. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, Defendants refer Plaintiff to their responses

to Plaintiff's First Request for the Production of Documents.

7. Identify all facts upon which you base each affirmative defense contained in the Answer, and Identify all Persons who have knowledge of those facts and all Documents and other tangible things that support each affirmative defense.

**Response:** Defendants object to this interrogatory on grounds that it is overbroad as to scope and time, unduly burdensome, and because it seeks information that may be protected under the attorney-client privilege and/or the attorney work-product doctrine. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

8. Identify all Persons employed by Defendant who were in any way involved in Plaintiff's termination.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its use of the phrase "in any way involved," and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, and construing this interrogatory as a request to identify those MCHA employees who participated in the decision to terminate Plaintiff's employment, Defendants identify Oliva, Costa, and Pat Saunders.

9. Identify all Persons who participated in any investigation which led to Plaintiff's termination.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its reference to "investigation." Defendants further object to this interrogatory on

the grounds that it is duplicative of other requests, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

10. Identify all Persons who participated in the decision to terminate Plaintiff's employment.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its use of the phrase "participated in the decision," duplicative of other requests, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, Defendants refer Plaintiff to their response to Interrogatory No. 8.

11. Identify all training provided by (or to, as applicable) Defendants Concerning the prevention of employment discrimination, harassment and/or retaliation and complaint procedures, the use of paid or unpaid time off, approval/reimbursement of expenses, including the date and place of any training session(s), and Identify each Person who conducted any such training, the Persons who attended, and whether attendance was mandatory or voluntary.

**Response:** Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overly broad, not restricted as to time, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

12. Identify any and all ethics and compliance training provided by (or to, as applicable) Defendants, including the date and place of any training session(s), and Identify each Person who conducted any such training, the Persons who attended, and whether attendance was mandatory or voluntary.

**Response:** Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overly broad, not restricted as to time, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

13. Identify fully and in detail (including the names and positions of Persons involved, and the relevant dates) what steps, if any, Defendants took to prevent retaliation against Plaintiff after she made the complaints identified in the Complaint in this Action.

**Response:** Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, argumentative, assumes facts not admitted or otherwise established, and is incapable of a reasonable response. Defendants further object on grounds that it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

14. Identify fully, and in detail, what steps, if any Defendants took to ensure compliance with the Equal Pay Act.

**Response:** Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, argumentative, and incapable of a reasonable response. Defendants further object on grounds that it seeks information that is not relevant to the claim or

defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

15. Identify all policies and procedures applicable to promotions and performance reviews.

**Response:** Defendants object to this interrogatory as it is vague and ambiguous in its reference to "policies and procedures," overly broad, not restricted as to time, incapable of reasonable response, and because it seeks production of documents that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

16. Identify all Persons responsible for determining the terms, conditions, and compensation applicable to Plaintiff's employment.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its reference to "terms" and "conditions," overly broad, excessive as to time, incapable of reasonable response, and because it seeks production of documents that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, and construing this interrogatory as a request to identify the persons responsible for determining Plaintiff's compensation at any time during her employment, Defendants identify Oliva, Costa and Pat Saunders.

17. Identify all Persons responsible for determining the terms, conditions, and

compensation applicable to Nicholas Oliva's employment.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its reference to "terms" and "conditions," overly broad, excessive as to time, incapable of reasonable response, and because it seeks production of documents that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, and construing this interrogatory as a request to identify the persons responsible for determining the compensation paid to Oliva as Chief Legal Officer – Americas & Europe and General Counsel and Chief Compliance Officer – Americas, Defendants identify Costa and Pat Saunders.

18. Identify each supervisory or managerial employee or principal of Defendants responsible for determining the wages, salary or other compensation paid to or on behalf of Plaintiff and Nicholas Oliva.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous, overly broad, excessive as to time, incapable of reasonable response, duplicative of previous requests, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, for Oliva, Defendants identify Costa and Pat Saunders. For Plaintiff, Defendants identify Costa and Oliva with support from Human Resources. Defendants refer Plaintiff to their responses to Interrogatory Nos. 16 and 17.

19. Identify the entities and/or individuals responsible for hiring, firing and/or discipline of Plaintiff and Nicholas Oliva during the Relevant Time Period.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its reference to "individuals responsible" and "discipline," overly broad, excessive as to time, unduly burdensome, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, and construing this interrogatory as a request to identify the individuals with authority to hire or fire Plaintiff or Oliva, Defendants identify Costa with support from Human Resources for Oliva. For Plaintiff, Defendants identify Costa and Oliva with support from Human Resources.

20. Identify the corporate, organizational, supervisory, managerial, ownership and/or personnel structure of each MCHA-Related Company and the Documents Concerning said structures.

**Response:** Defendants object to this interrogatory on grounds that it is vague, ambiguous, overly broad, not restricted as to time, and because it seeks information and documents that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this request to the extent it seeks production of documents protected by the attorney-client privilege, the attorney work-product doctrine and/or the privilege protecting materials prepared in anticipation of litigation. Defendants further object to this interrogatory because it seeks production of private and confidential documents and information concerning third parties who are not subject to this lawsuit. Defendants further object to this interrogatory on

the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

21. Identify all employment policies concerning Plaintiff, including but not limited to employee manuals or handbooks, with respect to advancement; vacation time; holiday time; work-from-home; personal days; sick days; minimum wage; spread of hours pay; overtime pay; leaves of absence; or other compensation, leave and benefit policies, and the Documents Concerning those policies.

**Response:** Defendants object to this interrogatory as it is vague, ambiguous, overly broad, not restricted as to time, incapable of reasonable response, and because it seeks information and documents that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

22. Identify any and all written employment agreements, relating to Plaintiff's employment.

**Response:** Defendants object to this interrogatory on grounds it seeks production of documents that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

Subject to and without waiving any objections, none.

23. Identify any and all Communications between Plaintiff, on the one hand, and any Defendants, on the other hand, concerning prospective or continued employment, including but not limited to resumes, job applications, letters of interest, and correspondence relating to payment of wages, salary or other compensation, and Documents Concerning any such Communications.

**Response:** Defendants object to this interrogatory on grounds that it is vague and

ambiguous in its reference to "Communications … concerning prospective or continued employment," overly broad, unduly burdensome, incapable of reasonable response, and because it seeks production of documents and information that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

24. Identify each type of compensation and benefit (and the costs of providing any such benefit) to which Plaintiff would have been entitled from the date of the termination of Plaintiff's employment, to present, if Plaintiff's employment had not been terminated and had remained in the same job position.

**Response:** Defendants object to this interrogatory as it is vague, ambiguous, overly broad, not restricted as to time, speculative, argumentative, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

25. Identify: (A) each qualification, criteria or credential for consideration for hiring into, promotion/transfer into, or retention of each position at any MCHA-Related Company; (i) as Corporate Counsel in the Legal Department; (ii) as General Counsel in the Legal Department; (iii) as Chief Compliance Officer; (iv) on Mitsubishi's Board of Directors; (v) on Mitsubishi's executive management team; and (vi) as a Mitsubishi Executive Officer; (B) the duties and responsibilities of each of the foregoing positions; (C) all Persons to whom any such qualifications, criteria or credentials were conveyed; and (D) all Documents and Communications Concerning the responses to this Interrogatory.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its reference to "each qualification, criteria or credential for consideration for hiring into, promotion/transfer into, or retention," is overly broad, excessive as to time, unduly burdensome, incapable of reasonable response, and because it seeks production of documents that are not relevant to the claim or defense of any party and are not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3.

26. Identify the compensation and benefits (including salary, bonuses, incentive compensation, benefits, and prerequisites) paid to Plaintiff and Nicholas Oliva.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous, overly broad, excessive as to time, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3, and because it exceeds the number of permissible interrogatories under FRCP 33.

27. Identify the criteria surrounding any mandatory probationary periods for new hires.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its reference to "criteria," overly broad, excessive as to time, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3, and because it exceeds the number of permissible interrogatories under FRCP 33.

28. Identify all Persons with knowledge of the job performance and/or disciplinary history of the Plaintiff, Nicholas Oliva and Donna Costa.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and ambiguous in its reference to "job performance" and "disciplinary history," not restricted as to time, overly broad, unduly burdensome, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3, and because it exceeds the number of permissible interrogatories under FRCP 33.

29. Identify all female employees hired by Ken Fujiwara for positions at the management or executive level of any MCHA-Related Company.

**Response:** Defendants object to this interrogatory on grounds that it is vague and ambiguous in its reference to "positions at the management or executive level," overly broad, excessive as to time, unduly burdensome, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this request because it seeks production of private and confidential documents and information concerning third parties who are not subject to this lawsuit. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3, and because it exceeds the number of permissible interrogatories under FRCP 33.

30. Identify all female employees who occupy officer-level positions at any MCHA-Related Company, including female incumbents on the Board of Directors.

**Response:** Defendants object to this interrogatory on the grounds that it is vague and

18

ambiguous in its reference to "officer-level positions," overly broad, unduly burdensome, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this request because it seeks production of private and confidential documents and information concerning third parties who are not subject to this lawsuit. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3, and because it exceeds the number of permissible interrogatories under FRCP 33.

31. Identify all male employees who occupy or have been promoted to an "acting" role or to any position on an "acting" basis at any MCHA-Related Company.

**Response:** Defendants object to this interrogatory on grounds that it is vague, ambiguous, overly broad, not restricted as to time, unduly burdensome, incapable of reasonable response, and because it seeks information that is not relevant to the claim or defense of any party and is not proportional to the needs of this case. Defendants further object to this request because it seeks production of private and confidential documents and information concerning third parties who are not subject to this lawsuit. Defendants further object to this interrogatory on the grounds that it seeks information beyond the scope permissible under Local Civil Rule 33.3, and because it exceeds the number of permissible interrogatories under FRCP 33.

Dated: New York, New York
January 31, 2020

Respectfully submitted,

GORDON REES SCULLY MANSULHANI LLP

By: _/s/ Mercedes Colwin_
Mercedes Colwin
Christopher A. Seacord
Brittany L. Primavera
One Battery Park Plaza, 28th Floor
New York, NY 100004
*Attorneys for Defendants, Mitsubishi Chemical Holdings America, Inc., Donna Costa, Nicholas J. Oliva*