UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                  :

JENNIFER S. FISCHMAN,                                 :

                                       Plaintiff,             :                 18-CV-8188 (JMF)

                                                                  :

                    -v-                                :                <u>OPINION AND ORDER</u>

                                                                  :

MITSUBISHI CHEMICAL HOLDINGS AMERICA,  :
INC. et al.,

                                                                 :

                                    Defendants.      :

                                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Jennifer S. Fischman, who worked as a lawyer at Mitsubishi Chemical Holdings America, Inc. ("MCHA"), brings discrimination and retaliation claims under federal and state law against MCHA; its Japanese parent, Mitsubishi Chemical Holdings Corporation ("MCHC"); and other Defendants. In particular, Fischman alleges that she was passed over for promotions in favor of a less qualified male comparator; paid less than the male comparator; and demoted and terminated in retaliation for complaining about discrimination. In a previous Opinion and Order, familiarity with which is presumed, the Court largely denied MCHA's motion to dismiss. *See Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866 (S.D.N.Y. July 11, 2019) (ECF No. 35). MCHC, which had not been served at the time of the Court's earlier Opinion and Order, now brings its own motion to dismiss, for lack of jurisdiction and failure to state a claim. Upon review of the parties' submissions, MCHC's motion is denied.

## PERSONAL JURISDICTION

       The Court begins with MCHC's motion to dismiss for lack of personal jurisdiction. "When responding to a Rule 12(b)(2) motion . . . , the plaintiff bears the burden of establishing

that the court has jurisdiction over the defendant." *JCorps Int'l, Inc. v. Charles & Lynn Schusterman Family Found.*, 828 F. App'x 740, 742 (2d Cir. 2020) (summary order) (internal quotation marks omitted). The showing required "varies depending on the procedural posture of the litigation," on a "sliding scale." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (per curiam) (internal quotation marks omitted). "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations. After discovery, the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." *Id.* at 84-85. Still, on a motion to dismiss, the court must "construe the pleadings and affidavits in the light most favorable to [the plaintiff], resolving all doubts in [her] favor," *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam), although "conclusory" allegations are "insufficient for specific personal jurisdiction purposes," *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 676 (2d Cir. 2013). "Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).

Here, Fischman invokes Section 302(a)(1) of New York's long-arm statute as the primary statutory basis for the Court's personal jurisdiction over MCHC. Section 302(a)(1) provides that, "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Thus, to determine whether jurisdiction exists,

a court must decide "(1) whether the defendant transacts any business in New York" — in person or through an agent — "and, if so, (2) whether this cause of action arises from such a business transaction."  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks omitted).  "[T]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York," *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) ("*Licci I*") (internal quotation marks omitted), and a plaintiff's injury will be said to arise from the defendant's New York business activity as long as "the [legal claim] is not completely unmoored from the [transaction]," *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 169 (2d Cir. 2013) ("*Licci II*") (internal quotation marks omitted).

Although the question is a close one, the Court concludes that Fischman has made a sufficient showing at this stage of the proceeding to establish personal jurisdiction pursuant to Section 302(a)(1).  First, she presents facts that, if credited by the trier of fact, would establish that MCHC transacted business in this District through MCHA as its agent.  In one draft email, for example, MCHA employee Donna Costa wrote to Ken Fujiwara, Administrative Director of the MCHC Legal Department, *see* ECF No. 89 ("Am. Compl."), ¶ 18, that "MCHC [had] directed MCHA to promote Jennifer," and characterized the promotion as "MCHC's decision," ECF No. 97-1, at 2.  The same draft email also addressed the possibility that Costa would send Fujiwara "a proposal for when and how [Costa] would replace [Fischman]," suggesting that the final decision rested with Fujiwara and MCHC.  *Id.* at 3.  In a later email, Costa stated that she "hope[d]" Fujiwara was "prepared to approve [her] proposal" to offer Fischman a demotion to her previous role, rather than terminating her, to which Fujiwara responded: "We agree to your

3

new approach." *Id.* at 11-12.  Other emails are to a similar effect.  *See, e.g.*, *id.* at 13 (Costa noting to Fujiwara the possibility that "MCHC w[ould] have to pay for a new GC and for Jennifer to stay or go regardless," and making a proposal to prevent MCHA from needing "to request additional money from MCHC"); *id.* at 14 (Fujiwara addressing "the reason [for] us in Japan having not agreed to the idea of hiring [a] new GC" for MCHA); *id.* at 19 (Fujiwara characterizing the decision whether to demote Fischman as "[his] issue").  If credited, these documents, taken together, plausibly establish that MCHA's employment of Fischman in this District was "for the benefit of, with the knowledge and consent of, and under some control by" MCHC.  *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 85 (2d Cir. 2018) (internal quotation marks omitted); *see also Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (noting that "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there," thereby giving rise to specific personal jurisdiction in the forum).

      The remainder of the jurisdictional analysis is relatively straightforward.  With respect to the "arising from" requirement of Section 302(a)(1), Fischman's legal claim is plainly not "completely unmoored" from MCHC's transaction of business in New York.  *Licci II*, 732 F.3d at 169.  To the contrary, she avers that MCHC directed and controlled MCHA's decisions regarding her employment, from which her federal and state discrimination claims directly arise.  That leaves the question of whether exercise of personal jurisdiction over MCHC would violate due process.  *See id.* at 169-70.  Given the email correspondence above, the Court has little trouble concluding that this is not one of the "rare" cases in which jurisdiction is proper under Section 302(a)(1), but violates due process.  *Id.* at 170.  In particular, the correspondence supports a conclusion that, through MCHA, MCHC "purposefully availed itself of the privilege

of doing business in the forum and could foresee being haled into court there." *Id.* (internal quotation marks omitted). Moreover, requiring MCHC to answer Fischman's claims in this District "'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 169 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To be sure, it will impose a burden on MCHC, which is based in Tokyo. But given that Fischman resides here, *see* Am. Compl. ¶ 10, the relevant events took place here, and the other Defendants are here, there is a strong interest in adjudicating the case here. *See Licci II*, 732 F.3d at 170.

In short, the Court holds that it has personal jurisdiction over MCHC pursuant to Section 302(a)(1) and that this exercise of jurisdiction does not violate MCHC's due process rights.[1]

## FAILURE TO STATE A CLAIM

MCHC's other arguments for dismissal can be swiftly rejected. First, MCHC argues that Fischman's Title VII claim must be dismissed for failure to exhaust her administrative remedies. *See* ECF No. 92 ("Def.'s Mem."), at 22. It is true that Fischman failed to name MCHC in the charge she filed with the Equal Employment Opportunity Commission ("EEOC"). *See* ECF Nos. 93-1 and 93-2. The "identity of interest" exception, however, "permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (internal quotation marks omitted). Four factors govern this inquiry: "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under

---

[1] In light of the Court's conclusion that it has specific personal jurisdiction pursuant to Section 302(a)(1) on a principal-agent theory, it need not and does not address Fischman's argument that the Court has general personal jurisdiction over MCHC pursuant to N.Y. C.P.L.R. § 301 or her reliance on a joint-employer theory for purposes of jurisdiction.

the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Id.*

On balance, these factors would seem to tip in Fischman's favor. *See, e.g.*, *Payne v. McGettigan's Mgmt. Servs. LLC*, No. 19-CV-1517 (DLC), 2020 WL 2731996, at *4 (S.D.N.Y. May 26, 2020) ("When the second and third factors weigh in the Title VII plaintiff's favor, it is appropriate to excuse the failure to exhaust administrative remedies."). Ultimately, however, the Court need not decide the issue because MCHC does not adequately argue the point and, thus, has forfeited it.[2] Instead, MCHC's sole argument is that the identity of interest exception categorically does not apply where, as here, a plaintiff was represented by counsel in connection with her EEOC charge. *See* Def.'s Mem. 22 n.17; Def.'s Reply 8. That limitation does find support in some district court cases. But it rests on a shaky foundation — namely, dictum in the Second Circuit decision adopting the identity of interest exception, *see Johnson v. Palma*, 931

---

[2] The closest MCHC comes is in a footnote in its initial memorandum of law where it states that "[t]he Complaint does not allege an 'identity of interest' between MCHC and MCHA (their alleged joint employer status notwithstanding)." Def.'s Mem. 22 n.17. That conclusory assertion, in a footnote no less, does not cut it, *see, e.g.*, *Pirnik v. Fiat Chrysler Autos., N.V.*, 327 F.R.D. 38, 43 n.2 (S.D.N.Y. 2018) (stating that an argument "relegated to a footnote . . . does not suffice to raise [an] issue" and citing cases), particularly since the failure to exhaust administrative remedies under Title VII is an affirmative *defense*, *see Payne*, 2020 WL 2731996, at *3. And while MCHC did not necessarily have reason to address the exception prophylactically in its initial memorandum of law, it certainly did after Fischman explicitly invoked the exception in her opposition, citing and applying the four-factor standard set forth above. *See* ECF No. 95, at 20-22. Yet, in its reply, MCHC fails to engage with the substance of the argument. *See* ECF No. 98 ("Def.'s Reply"), at 7-8.

F.2d 203, 209 (2d Cir. 1991) (observing that EEOC "charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements") — and the Second Circuit itself has not adopted it. Accordingly, like many other district courts, the Court declines to adopt it. *See, e.g.*, *Payne*, 2020 WL 2731996, at *4; *Williams v. Quebecor World Infiniti Graphics, Inc.*, No. 03-CV-2200 (PCD), 2007 WL 926901, at *3 (D. Conn. Mar. 23, 2007); *Wood v. Pittsford Cent. Sch. Dist.*, No. 03-CV-6541T, 2005 WL 43773, at *4 (W.D.N.Y. Jan. 10, 2005); *Olvera-Morales v. Sterling Onions, Inc.*, 322 F. Supp. 2d 211, 217-18 (N.D.N.Y. 2004); *Manzi v. DiCarlo*, 62 F. Supp. 2d 780, 787-88 (E.D.N.Y. 1999). As that is MCHC's only argument against the identity of interest exception, and the failure to exhaust administrative remedies is an affirmative *defense*, *see Payne*, 2020 WL 2731996, at *3, the Court declines to dismiss the Title VII claims.

MCHC also argues that Fischman fails to state a claim under any of her remaining employment discrimination causes of action because her allegations that MCHA and MCHC jointly employed her contradict her prior allegations describing only MCHA as her employer. *See* Def.'s Mem. 23-24. The Court is unpersuaded. In fact, not only are Fischman's prior allegations — that she was employed by MCHA — logically consistent with her more recent allegations that she was employed by *both* MCHA and MCHC, the latter assumes the former. Further, for purposes of Rule 12(b)(6), which requires only "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Fischman adequately alleges employment by MCHC for purposes of the discrimination statutes at issue. For example, she alleges that her salary and benefits were paid by MCHA from "funds" that MCHC "provided," Am. Compl. ¶ 106; and that the terms and conditions of her employment were controlled, dictated, and

7

approved by MCHC and its executives, *see id.* ¶¶ 107-08. Whether Fischman can actually prove that MCHC employed her within the meaning of the relevant statutes remains a question for a future day.

Finally, MCHC does not establish that any of Fischman's claims are untimely. MCHC argues that Fischman's allegation that she was passed over for promotion in April 2015 is time-barred under the relevant statutes of limitations. *See* Def.'s Mem. 24-25. Even assuming that is true, however, MCHC does not argue, let alone establish, that any of Fischman's causes of action cannot survive the motion to dismiss stage without relying on that allegation. Indeed, MCHC itself acknowledges that the alleged failure to promote in April 2015 forms only "part" of the basis for Fischman's relevant causes of action, Def.'s Mem. 25 n.21, and it does not contend that it is a necessary part of any. Nor, relatedly, is the Court persuaded that Fischman's new allegation that she was passed over for promotion again in November 2015 conflicts with the allegation regarding the April 2015 failure to promote. *See id.* at 25.

## CONCLUSION

For the foregoing reasons, MCHC's motion to dismiss is DENIED. The Clerk of Court is directed to terminate ECF No. 91.

Dated: December 16, 2020
      New York, New York

                                       JESSE M. FURMAN
                                    United States District Judge