# EXHIBIT E



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

August 4, 2021

**VIA EMAIL**
(MBERMAN@VKVLAWYERS.COM
RVALLI@VKVLAWYERS.COM;
SKANE@VKVLAWYERS.COM )
Matthew Berman
Robert J. Valli, Jr.
Sara Kane
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11530

      Re:  *Jennifer S. Fischman vs. Mitsubishi Chemical Holdings America, Inc., et al*
           Case no. 18-cv-08188 (JMF)

Counsel:

    We write on behalf of all defendants. On June 25, 2021, the undersigned were served with supplemental responses to document demands served on your client by defendants Mitsubishi Chemical Holdings America, Inc., Nicholas Oliva and Donna Costa on December 2, 2019. Within those supplemental responses was a document bates stamped FISCHMAN-000830-000831. The document is dated March 1, 2016, and is titled, "Notes after mtg w/Nick Oliva."

    In response to this suspiciously late production, defendants retained a Forensic Chemist and Document Dating Specialist, Gerald LaPorte of Riley Welch LaPorte & Associates Forensic Laboratories to analyze certain documents contained in your client's supplemental production.

    After testing FISCHMAN-000830-000831, among others, Mr. LaPorte concluded that this document was in fact not executed on March 1, 2016 as purported by your client. Rather, the entries are consistent with being prepared sometime within the last six months. Attached for your review, please find the comprehensive report prepared by Mr. LaPorte with the scientific data to support his findings.

    Armed with knowledge of the fraud and misrepresentations perpetuated by your client in an apparent last-ditch effort to create false, documentary evidence to support her claims, you are

August 4, 2021
Page 2

obligated under the Rules of Professional Responsibility as well as the Federal Rules of Civil Procedure ("FRCP") to withdraw your claims and voluntarily dismiss this action.

In addition to creating false evidence during discovery, when questioned about the document during your client's sworn deposition, Ms. Fischman testified under oath that she created the notes at issue on March 1, 2016. Specifically, during her June 28, 2021 deposition, at transcript page 284:19-24, Ms. Fischman testified: "on that night I went home and I wrote myself a note on a legal pad and I stuffed it in the drawer and hoped to forget about it." When asked whether she produced it – Ms. Fischman testified that it was part of the supplemental production she produced "last week." On page 285:17-24, referring to bates stamped document FISCHMAN-000830-000831, Ms. Fischman was asked: "you perceive this document as a critically important document to your claim; correct?" Ms. Fischman replied, "Of course" . . . "It is the basis for which I used for the complaint."

Your office has now been provided with scientific evidence proving that this document was fraudulent and that your client committed perjury. FRCP 26, 37, 41 and 60, all may be implicated as a result of this misconduct warranting sanctions, including dismissal of the action in its entirety.

Further, it is well established that the Court possesses the inherent power to dismiss an action in the face of a party committing forgery or fraud. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991) ("outright dismissal of a lawsuit" under the court's inherent authority "is within the court's discretion"); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 250 (1944) (a district court is "warranted in dismissing [a] case" once it "learn[s] of the fraud"). Courts in the Second Circuit routinely dismiss cases and award attorneys' fees and costs where, as here, a party establishes by clear and convincing evidence that a litigant fabricated evidence and provided false testimony. *See, e.g., Shangold v. Walt Disney Co.,* 275 F. App'x 72, 73-74 (2d Cir. 2008) (affirming dismissal of complaint and award of attorneys' fees as sanctions after finding that plaintiffs fabricated evidence); *Cerruti 1881 S.A. v. Cerruti, Inc.,* 169 F.R.D. 573, 583-84 (S.D.N.Y. 1996) (entering judgment for plaintiff on merits and imposing as sanction costs and attorneys' fees against defendant who presented fabricated invoices and false deposition testimony to make it appear as though an agreement remained in force).

Accordingly, we are providing your office with an opportunity to voluntarily dismiss the Amended Complaint. Should you refuse to do so and the defendants are forced to prepare a motion, the defendants will seek sanctions, including, but not necessarily limited to, an appropriate award for costs and attorneys' fees, for your client's continued prosecution of claims.

We hope you receive this letter in the spirit of cooperation that is intended, understanding that you have not yet had the benefit of this information.

We look forward to hearing from you soon.

August 4, 2021
Page 3

                                        Very truly yours,

                                        GORDON & REES LLP

                                        *Mercedes Colwin*

                                        Mercedes Colwin
                                        Brittany Primavera

Enclosure