UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JENNIFER S. FISCHMAN,                                                    :
                                                                         :
                              Plaintiff,                                 :
                                                                         :     18-CV-8188 (JMF)
            -v-                                                          :
                                                                         :     MEMORANDUM OPINION
MITSUBISHI CHEMICAL HOLDINGS AMERICA,                                    :     AND ORDER
INC. et al.,                                                             :
                                                                         :
                              Defendants.                                :
                                                                         X
------------------------------------------------------------------------

JESSE M. FURMAN, United States District Judge:

       In this case, familiarity with which is presumed, Plaintiff Jennifer Fischman brings employment discrimination and retaliation claims against her former employer, Mitsubishi Chemical Holdings America, Inc. ("MCHA"), as well as Mitsubishi Chemical Holdings Corporation ("MCHC") and several individual defendants. *See generally Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866 (S.D.N.Y. July 11, 2019) (ECF No. 35) (denying MCHA's motion to dismiss for failure to state a claim); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2020 WL 7388654 (S.D.N.Y. Dec. 16, 2020) (ECF No. 103) (denying MCHC's motion to dismiss for lack of personal jurisdiction and failure to state a claim). Invoking Rules 11 and 37 of the Federal Rules of Civil Procedure and the Court's inherent authority, Defendants now argue that Fischman's claims should be dismissed as a sanction for producing a forged handwritten note (the "Note") during discovery and then testifying falsely about it during her deposition. *See* ECF No. 117; ECF No. 119 ("Defs.' Mem."), at 1. For her part, Fischman maintains that the Note is authentic and that sanctions are unwarranted in any event. ECF No. 122 ("Pl.'s Opp'n"), at 1.

Defendants' arguments for sanctions under Rules 11 and 37 are easily rejected because neither Rule is applicable here.  First, "Rule 11 . . . cannot be invoked unless some signed pleading, motion, or other paper is filed."  *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1344 (2d Cir. 1991); *see* Fed. R. Civ. P. 11(b), (c).  Defendants' attempt to invoke the Rule based on Fischman's testimony that the Note was "the basis" of her Complaint is unavailing.  Defs.' Mem. 21.  Fischman's allegations and claims in the Complaint go well beyond the contents of the Note.  *See* ECF No. 89.  Moreover, Fischman did not attach the Note to any pleading; indeed, it was Defendants who first submitted it to the Court.  Second, "[a] court may impose sanctions pursuant to Rule 37(b)(2)(A) *only* when the transgressing party has violated a prior court order."  *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020) (emphasis added); *see* Fed. R. Civ. P. 37(b)(2)(A).  Here, Defendants make no claim that Fischman violated a prior order of the Court.

That leaves the Court's inherent authority.  It is well established that courts have "certain implied powers" that are necessary "to manage their own affairs."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (cleaned up).  As the Second Circuit recently explained, these include the power to impose sanctions to "prevent a party from perpetrating a fraud on the court."  *Yukos Cap. S.A.R.L.*, 977 F.3d at 235.  Significantly, however, "[s]anctions for fraud are warranted if it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action.  Thus, clear and convincing evidence of bad faith is a prerequisite to an award of sanctions under the court's inherent power."  *Id.* (cleaned up); *see also Int'l Bhd. of Teamsters*, 948 F.2d at 1345 (requiring "a particularized showing of bad faith" before imposing sanctions).

More specifically, before imposing sanctions pursuant to its inherent authority, a court must weigh

> (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future.

*McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 446 (S.D.N.Y. 2002). Applying these factors, courts in this Circuit have imposed the "harsh sanction" of dismissal "only in extreme situations," as where "a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process." *Id.* at 445, 461; *see also, e.g.*, *Rossbach v. Montefiore Med. Ctr.*, 19-CV-5758 (DLC), 2021 WL 3421569, at *4-5 (S.D.N.Y. Aug. 5, 2021); *Shangold v. Walt Disney Co.*, 03-CV-9522 (WHP), 2006 WL 71672, at *3-5 (S.D.N.Y. Jan. 12, 2006). By contrast, "an isolated instance of perjury, standing alone, will not constitute a fraud upon the court," let alone one that calls for dismissal. *McMunn*, 191 F. Supp. 2d at 445 (citing *Gleason v. Jandrucko,* 860 F.2d 556, 560 (2d Cir. 1988)).

In light of these standards, the Court denies Defendants' request for dismissal. At most, Defendants allege that Fischman fabricated a single document and lied about doing so in her deposition. Defs.' Mem. 1-2. Moreover, the document is far from "the linchpin" of Fischman's case. *Shangold*, 2006 WL 71672 at *3; *see also Rossbach*, 2021 WL 3421569, at *2 (dismissing where the plaintiff fabricated "[t]he primary piece of documentary evidence supporting" her claim of sexual harassment).[1] Thus, even if there were clear-and-convincing proof that Fischman produced a forgery and lied about doing so — issues on which the Court intimates no

---

[1]  Although not addressed by the parties in their motion papers, it is not even clear that the Note would be admissible if offered by Fischman at trial.

3

view at this time — the situation here would be closer to the "isolated instance of perjury, standing alone," than to the "rare circumstances" in which a court should exercise its inherent authority to impose sanctions. *Yukos Cap.*, 977 F.3d at 235; *see, e.g.*, *Jung v. Neschis*, 01-CV-6993 (RMB) (THK), 2009 WL 762835, at *21-22 (S.D.N.Y. Mar. 23, 2009) (denying a motion to dismiss where the defendants had proved only one instance of fabrication and where the fabricated evidence was not "the linchpin of Plaintiffs' theory of liability" (internal quotation marks omitted)).

The only other sanction Defendants seek is attorney's fees. *See* Defs.' Mem. 23-24. If the Note turns out to be a forgery, that request would be on firmer ground. *See, e.g.*, *Scholastic, Inc. v. Stouffer*, 221 F. Supp. 2d 425, 444-45 (S.D.N.Y. 2002). But the Court exercises its discretion not to rule on that request now. Instead, it will wait until after summary judgment or trial, when the record is likely to be better developed on whether the Note is a forgery and the significance, if any, of that fact. *See, e.g.*, *Rossbach*, 2021 WL 3421569, at *1-2 (imposing sanctions after ruling on summary judgment and holding an evidentiary hearing); *Stouffer*, 221 F. Supp. 2d at 444-45 (imposing sanctions after deciding summary judgment); *McMunn*, 191 F. Supp. 2d at 441 (same); *see also Yukos Cap. S.A.R.L.*, 977 F.3d at 236 (observing that the district court had "made the acceptable choice to leave 'questions of fact' and 'credibility determinations' to the jury at trial"). Accordingly, Defendants' motion for sanctions is DENIED without prejudice to renewal upon resolution of Fischman's claims on summary judgment or after trial.

No later than **one week from the date of this Memorandum Opinion and Order**, the parties shall file a proposed briefing schedule for summary judgment and *Daubert* motions. If both sides intend to move for summary judgment, the parties shall propose a briefing schedule

that minimizes the number and page lengths of briefs — that is, where one side files an initial motion; the other side files a cross-motion, supported by a single, consolidated memorandum of law in support of the cross motion and in opposition to the initial motion; the initial moving party files a single, consolidated memorandum of law in reply and in opposition to the cross-motion; and the cross-moving party files a reply.

    The Clerk of Court is directed to terminate ECF No. 117.

SO ORDERED.

Dated: August 24, 2022
       New York, New York

                                            JESSE M. FURMAN
                                         United States District Judge