# EXHIBIT ZZ

Regards,
Donna

Sent with Good (www.good.com)

--------Original Message--------

From : Masanori 3113541 Sakaguchi/AP/MCC@MCC@FCD
To : Donna USA0007 Costa/USAP/USA@USA@FCD
cc : Ken 2905413 Fujiwara/AP/MCC@MCC,patricia_saunders@m-chem.com
Sent on :09/01/2015 01:22:57 PM ZE9
Subject : Re: **Confidential - Compliance Complaint**

Dear Donna-san:

Thank you very much for your sending a series of emails in connection with the above captioned matter.

I spoke with Fujiwara-san about the matter and how to handle it. Our conclusion is that it is too early for MCHA to hire an outside counsel for this matter. The first thing you should do is to use your best endeavor to resolve this issue internally by talking with each other. You and Jennifer are long time colleagues in MCHA Legal Department to work together for the purpose of resolving various difficult legal issues. It would be considerably hard for us to understand the current situation which is just escalating the atmosphere of the hostility and confrontation.

I would appreciate it if you would share our feeling and take actions to be consistent with our conclusion above.

Best regards.

Masanori Sakaguchi
General Counsel, MCHJ


送信元: Donna USA0007 Costa/USAP/USA@USA
宛先: Ken 2905413 Fujiwara/AP/MCC@MCC, Masanori 3113541 Sakaguchi/AP/MCC@MCC
Cc: patricia_saunders@m-chem.com
日付: 2015/09/01 11:34
件名: Re: **Confidential - Compliance Complaint**

Dear Ken and Sakaguchi-san:

Pat met with Kelli this morning and Jennifer this afternoon in an attempt to gather more information. According to Pat, Jennifer interrupted Pat repeatedly and expressed a lot of outrage about being questioned. She was defensive and argumentative. She blamed everyone but herself for the situation, although she did acknowledge that she wished she had not spoken so loudly to Pat and that she probably should not have created a chart of Kelli's absences. When Pat asked about some specific circumstances (including the chart, a couple of email, and some comments made in the office), Jennifer told Pat that it was inappropriate for Pat to conduct the investigation due to a lack of attorney-client privilege and because Jennifer had often complained to Pat about Kelli. Given that Jennifer is unwilling to cooperate with Pat and there

Def 000943

is no one else at MCHA who can appropriately complete the investigation, we have no choice but to bring in outside counsel. When I get back from California, I will hire counsel and oversee the investigation myself (even though I am also a witness), because it would be inappropriate to ask another member of the Legal Department to do so.

I am wondering whether I should raise the issue with Kosakai-san and/or Date-san when I see them on Wednesday. What do you think?

Regards,
Donna

Donna Costa
President
Mitsubishi Chemical Holdings America, Inc.
655 Third Avenue
New York, NY 10017
212-672-9403
donna_costa@m-chem.com

This e-mail may contain information that is confidential, privileged or otherwise protected from disclosure. If you are not an intended recipient of this email, please delete it and any attachments and notify the sender that you have received it in error. Any unauthorized use, dissemination, disclosure, copying or printing of this email or the information contained herein or attached hereto is strictly prohibited.

From: Donna USA0007 Costa/USAP/USA
To: Ken 2905413 Fujiwara/AP/MCC@MCC, Masanori 3113541 Sakaguchi/AP/MCC@MCC
Cc: patricia_saunders@m-chem.com
Date: 08/28/2015 04:15 PM
Subject: **Confidential - Compliance Complaint**

Dear Ken and Sakaguchi-san:

I am writing to notify you that Kelli Troccoli (a member of the Legal Department for 13 years) made a formal complaint to Pat Saunders (Director of HR) about Jennifer Fischman. The facts are generally as follows:

Jennifer has been complaining to Pat for some time about Kelli, including the amount of time Kelli spends out of the office. In some cases, the time is due to personal matters. In many instances, it involves significant medical issues Kelli has been having. Kelli had been speaking to Pat about her possible need for medical leave. Pat informed Jennifer that she needs to be very careful about complaining about or challenging Kelli's absences because failure to accommodate Kelli's medical needs could be seen as a violation of the Americans with Disabilities Act. Jennifer told Pat that she consulted with outside counsel about how to avoid a claim by Kelli in connection with the ADA. (Please note that Jennifer did not tell me that she spoke to counsel, despite the fact that such consultation shows that she was aware of potential risk to MCHA.)

On August 14, Jennifer worked from home so she could take care of her children (something I do not mind, but was unaware of, despite MCHA policy that all leadership team absences need to be posted on the leadership team calendar), Jennifer and Kelli had an email exchange that day regarding the preparation of board documents. Jennifer sent to Kelli, who was in the office that day, an email containing the phrase "since . . . you are out again," referring to Kelli's vacation that began the following Monday. Kelli interpreted this statement as an accusation that she was spending too much time out of the office and responded "Out again!!!!! Really Jen!!!!" Jennifer forwarded the email to Pat and scheduled a meeting with Pat to discuss. On August 17, Jennifer went to Pat's office and complained very loudly that she cannot work with Kelli, that she is out of the office all the time, and that it was "either her or me" (in other words, either Kelli has to be fired or Jennifer will quit). Someone sitting near Pat's office heard the discussion and informed Kelli.

I spoke to Jennifer today upon her return from vacation. I told her about the complaint. I advised her not to discuss this matter with Kelli or anyone else in the office. I told her to speak to Pat on Monday about how to proceed. Pat will interview Jennifer on Monday and will collect any relevant documents.

In order to keep this from escalating unnecessarily, I am sending this only to the two of you. Please let me know if you would like to discuss this matter by phone. I will be in Virginia on Monday and Tuesday for the ITCA Conference, then in

Def 000944

Confidential