# EXHIBIT MMM

# Mitsubishi Chemical Holdings America Inc.

## Performance Management Program
## Year: 2015

### Vision
Connect, Collaborate, Innovate, Inspire

### Mission
We foster communication and community among MCHC companies.

Through partnership, we provide professional services that align with MCHC standards and policies, contribute to the performance of the MCHC Group and enhance KAITEKI value.

We will achieve our mission through a commitment to ethics, professionalism, and service.

| Employee Name: | Jennifer S. Fischman |
|---|---|
| Employee Title: | Acting General Counsel and Chief Compliance Officer |
| Manager Name: | Donna Costa |
| Manager Title: | President |
| Review Date: | November 11, 2015 (mid-year) |

## CONFIDENTIAL

## Section 2. Competencies

In addition to overall performance related to job responsibilities, every employee has a set of competencies specific to their job level. Competencies are the combination of knowledge, skills and behaviors that contribute to individual and organizational performance. Use this section to evaluate the employee's overall proficiency in each competency area.

- Refer to the competencies listed at the end of this form
- Each competency is supported by key behaviors that describe the way the competency may be demonstrated in the workplace
- Indicate the level of proficiency for each competency based on the behaviors demonstrated during the performance review period.
  - NI = Needs improvement
  - M = Meets competency performance standards
  - E = Exceeds competency performance standards

| Competencies<br>Job Level: Director/Function Head | Level of Proficiency | | |
|---|---|---|---|
| | NI | M | E |
| 1. Business Acumen | | | |
| 2. Communication | | | |
| 3. Contributing to Team Success | | | |
| 4. Cross-functional Capability | | | |
| 5. Ethics and Compliance | | | |
| 6. Functional Expertise | | | |
| 7. People Development | | | |
| 8. Strategic Thinking | | | |

**Manager Comments:**

Last December, I offered you the position of Acting General Counsel and Chief Compliance Officer. I told you that if all went well you would be promoted to General Counsel effective April 1, 2016. I am sorry to say that despite all of our efforts over the last ten months, you will not be promoted. Instead, a new General Counsel and Chief Compliance Officer will join MCHA on November 30. As of that date, you will be returned to your former position. Your title will be Assistant General Counsel and your compensation package will return to its March 31 level.

This decision was not made lightly and included the input of many individuals. It is based on my conclusion that additional time will not remedy your failure to satisfy the core competencies required of a General Counsel and CCO.

Most importantly, you seem unable or unwilling to work with me as your supervisor and as a legal advisor. You do not proactively communicate with me on routine or substantive matters. You are not open to my ideas, input or feedback. Instead, when we speak you are dismissive of my opinions and direction, and when challenged you are defensive and combative. This is not what I am looking for in a business partner. Similarly, you are clearly not happy working with me, as you have communicated to me both explicitly and implicitly. This has been noticed by many others as well. Executives from four different affiliates have commented to me on how uncomfortable you seem with me. This situation undermines our ability to effectively support our affiliates in the US and Japan.

Also critical to my decision is the fact that I do not trust your judgment in your current role. I will share five examples:

- First, in the Comtrex litigation, you blamed the head of an MCC division, the President of a US company and a junior MCHJ employee for your failure to communicate effectively. Throughout, you failed to notify me of what was going on, even when MCHJ explicitly asked you to get my input.

- Second, in the Filtec matter, you advised me that there could not have been any bribery as a matter of fact, and even if there were, it did not violate the FCPA as a matter of law, while ignoring the allegation that I brought to you in the first place. You disregarded my instructions, and your premature conclusions were wrong on the facts and the law. A General Counsel and Chief Compliance Officer must be able to properly handle a bribery allegation.

- Third, you exhibited poor judgment with respect to the 4010 filing, both in terms of substance and the politics involved. You did not adequately consider less costly or risky alternatives before providing advice to two affiliates, and you did not consult with me before giving advice that impacted Lucite. You seem unwilling to seek advice or input from me (or others).

- In all of these examples, if you had recognized your own inexperience or weaknesses, or recognized your obligation to consult with me, the problems could have been avoided. Instead, I find myself wondering what advice you are giving to others and what issues may be as yet unknown to me.

- Fourth, you exhibited and continue to exhibit poor judgment in how you work with Kelli, including creating a 'smoking gun' chart, refusing to work with Kelli and Pat to attempt to improve the relationship, and refusing to assure Kelli that she would not be terminated for medical-related absences. You have also engaged in consistently retaliatory behavior since then, excluding Kelli from matters that fall within her job description. You have refused to cooperate in a matter of your own making and have compromised the interests of the company as a result.

- Finally, the most recent example is your conduct in the Project Genesis meeting during the Go/No-Go discussion. Although you had the right to say "No-Go," your emphatic soapbox statement was entirely inappropriate. Everyone else responded in one or two sentences, if not one or two words. You gave a lengthy speech. Everyone else gave an opinion that took into account the extensive analysis conducted and conclusions reached over the previous day and a half. You rehashed the issues as if no one understood the risks but you. More importantly, you either failed to notice the look of shock on Ciro's face, or you chose to ignore it, as you kept on pushing your point. Your insensitivity and your inability to tactfully moderate your approach to the circumstances destroy trust and undermine your ability to communicate effectively in the role of General Counsel.

I have discussed my concerns with you repeatedly, in one form or another, without results. Your primary response to my feedback and criticism, besides attacking me and others, has been to avoid me and reduce even further your already sparse communications with me. Thus, I do not believe that the situation will improve.

To be clear, you are not being terminated. Rather, you are being returned to your former position. I respect your legal skills and believe you have a lot to give to our group as an individual contributor. I trust that you will continue to give your best efforts to MCHA and our affiliates in your current role until November 30, at which time you will do your best as Assistant General Counsel to support the MCHC group and the transition of Nick Oliva, a former member of the MCHA Legal Department, as our new General Counsel and Chief Compliance Officer.

CONFIDENTIAL                                         Def 000602