# *Valli Kane &Vagnini*

### *Attorneys at Law*

| | |
|---|---|
| 600 Old Country Road | Tel: 516-203-7180 |
| St. 519 | Fax: 516-706-0248 |
| Garden City, New York 11530 | www.vkvlawyers.com |

June 9, 2023

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

**Re:** ***Fischman v Mitsubishi Chemical Holdings America, Inc., et al***
**Case #:  1:18-cv-08188-JMF**

Dear Judge Furman:

We write on behalf of plaintiff Jennifer Fischman ("Plaintiff") in response to the Court's June 2, 2023 Order stating:

> ORDER with respect to [135] Motion for Summary Judgment: In their reply brief, ECF No. [155], Defendants argue that "Plaintiff's assertion that Bill Radlien and Dennis Trice of Mitsubishi Polyester Film[] each stated to Plaintiff that Costa had 'expended all of her political capital' on her own promotion and that Defendants were not 'going to let two women run that business'" is "inadmissible hearsay." No later than June 9, 2023, Plaintiff shall submit a letter, not to exceed three pages, concerning the admissibility and relevance of this evidence. Any response, not to exceed three pages, shall be filed by June 14, 2023. (HEREBY ORDERED by Judge Jesse M. Furman)(Text Only Order) (Furman, Jesse)

As set forth in Plaintiff's memorandum of law in opposition to defendants' motion for summary judgment ("Opposition Brief" or "Opp. Br.," Dkt. 150), Plaintiff testified during her deposition that she had two meetings in April 2015 with executives at Mitsubishi Polyester Film: one with Mr. William "Bill" Radlein and one with Mr. Dennis Trice. *Id*. at 2.  Plaintiff testified that each executive told Plaintiff that Defendants would not promote Plaintiff to the position of General Counsel and Chief Compliance Officer because: (i) she was female; (ii) they had just promoted another female (defendant Donna Costa) to the rank of President; and (iii) Defendants did not want to have more than one woman in the senior ranks.  *Id*., citing Plaintiff's deposition transcript ("Exhibit J," Dkt. No. 138-10, at 245:6-14; 248:9-19).

Hon. Jesse M. Furman
June 9, 2023
Page 2

## Plaintiff's Testimony Is Admissible Under FED.R. EVID. 801(d)(2)

Plaintiff's evidence of statements attributed to Bill Radlein and Dennis Trice is admissible as an exclusion from hearsay under Federal Rule of Evidence 801(d)(2) (*An Opposing Party's Statement*). FED. R. EVID. Rule 801(d)(2)(D) excludes statements from hearsay when they are offered against an opposing party and are made by the party's agent or employee on a matter within the scope of that relationship and while it exists. *BDG Gotham Residential, LLC v. Western Waterproofing Co., Inc.,* 2022 WL 4482310, *7 (S.D.N.Y. 2022). "A party seeking to admit such a statement must establish '(1) the existence of the agency relationship; (2) that the statement was made during the course of the relationship; and (3) that it relates to a matter within the scope of the agency.'" *Browe v. CTC Corp.,* 15 F.4th 175, 207 (2d Cir. 2021) quoting *Marcic v. Reinauer Transp. Cos.,* 397 F.3d 120, 129 (2d Cir. 2005).

Here, both Bill Radlein and Dennis Trice were agents of defendants Mitsubishi Chemical Holdings Corporation ("MCHC"), a Japanese corporation, and Mitsubishi Chemical Holdings America, a domestic corporation. Both Mr. Radlein and Mr. Trice were employed during April 2015, when they made the admissions to which Plaintiff testified. Mr. Trice testified that he had discussions with Ms. Costa about Ms. Fischman's job performance and that Ms. Costa asked Mr. Trice for advice on both promoting Ms. Fischman to acting general counsel and chief compliance officer, and her transition back to the role that she had been promoted out of (Dennis Trice Deposition Transcript, at 45:19 – 49:12).[1] Similarly, Mr. Radlein testified that he spoke with Ms. Costa about Ms. Fischman (William Radlein Deposition Transcript, at 38:24 – 39:14). Accordingly, the declarations attributed to Mr. Radlein and Mr. Trice are admissible. *Lipton v. County of Orange, NY,* 315 F. Supp.2d 434, 449 (S.D.N.Y. 2004).

## Plaintiff's Testimony Is Relevant

Plaintiff's testimony about the declarations of Mr. Radlein and Mr. Trice is relevant to establishing her *prima facie* case, which requires Plaintiff to sustain "a minimum burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). A plaintiff raises such an inference where she shows that the employer treated her less favorably than an employee who is similarly situated in all material respects but who is outside of her protected class. *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003). Apart from showing disparate treatment, an inference of discriminatory intent may also be drawn from other circumstances, such as "invidious comments about others in the employee's protected group." *Cruz v. Bernstein Litowitz Berger & Grossman LLP,* 2023 WL 2691456, *6 (S.D.N.Y. 2023) (quoting *Chambers v. TRM Copy Centers Corp.,* 43 F.3d 29, 37 (2d Cir. 1994).

Here, as explained in Plaintiff's Opposition Brief (*supra*, at 7-9), Plaintiff has presented evidence that: (i) she was similarly situated in all material respects to Mr. Oliva, each of them having been assigned all of the duties and responsibilities of the General Counsel and Chief

---

[1] The deposition transcripts of Mr. Radlein's and Mr. Trice's testimony are marked "Confidential" pursuant to a Stipulated Agreement and Protective Order (Dkt. 73) and so are not being attached to this filing on the public docket at this time.

Hon. Jesse M. Furman
June 9, 2023
Page 3

Compliance Officer position ("GC Position"); (ii) that Plaintiff was given a probationary "Acting" title while Defendant Oliva was immediately given the full role; and (iii) that Plaintiff was paid less than Defendant Oliva for performing the same duties and responsibilities.

While these facts sufficiently establish a *prima facie* inference of discriminatory motive, Plaintiff's testimony about Mr. Radlein and Mr. Trice's declarations also and independently establish a *prima facie* inference of discriminatory motive. Mssrs. Radlein and Trice's statements raise the inference that Defendants' decision to deny Plaintiff the promotion to the full GC position (and consequently to then demote her back to her prior position) was motivated, at least in part, *because she was a woman.* The comments are also relevant because they serve a second purpose: they reveal that Defendants' stated reasons for denying Plaintiffs' promotion (over concern about her ability to manage the responsibilities of the position, *see* Defendants' Memorandum of Law (Dkt No. 136, at 19-20)) are pretextual. "In some cases, assessment of a plaintiff's prima facie case and his evidence of pretext "tend to collapse as a practical matter under the *McDonnell Douglas* framework." *Cruz, supra*, at *6 (quoting *Collins v. N.Y.C. Transit Auth.,* 305 F.3d 113, 118 n.1 (2d Cir. 2002). This is one of those cases.

Accordingly, Plaintiff's testimony about the comments of Mr. Radlein and Mr. Trice is both available in admissible form for use at trial and is relevant to the factfinder's analysis of her claims.

Respectfully submitted,


VALLI KANE & VAGNINI LLP

*/s/ Matthew L. Berman*
Sara Wyn Kane
Robert J. Valli, Jr.
Matthew L. Berman

*Attorneys for Plaintiff*
600 Old Country Road, Suite 519
Garden City, New York 11530
516-203-7180


Cc: All Counsel of Record